Robinson, J.
 

 The province of a
 
 nunc pro tunc
 
 entry is to make the record speak the truth, to prevent the record from showing that to have occurred which did not occur, and to make it show what did occur that does not appear in the record to have occurred. It is not a proceeding for the purpose of reviewing former judgments by the same court, nor for the purpose of correcting errors of judgment theretofore exercised.
 

 An issue was made upon the filing of the motions to “correct and amend” the journal entry, and the judgment of the court was properly invoked whether the journal entry correctly recorded the judg
 
 *533
 
 ment of the court at the time of the entry, but the application seems to have been considered as a petition in error to the same court at a subsequent term to review a decree entered at a former term. The jurisdiction of the trial court to change his conclusion does not extend beyond the term in which the judgment is entered.
 

 This court will not in this case in this proceeding be inveigled into hearing the divorce proceeding between these parties as upon error, but will confine its consideration wholly to' the question whether the decree originally entered was the decree the court made at that time, and if so will not permit the bringing here for review a decree to which no exception was taken and from which no error was prosecuted. The 'record discloses pages of evidence of various witnesses pro and con upon the subject of the loan of money and the repayment thereof.
 

 The original journal entry is substantially in the words of the entry made by the court in his trial docket. The correspondence between counsel for plaintiff in error and counsel for defendant in error clearly indicates an accord as to what the decree of the court was. The payment of the money, and the receipts therefor, corroborate that understanding. The 'Court of Appeals, upon a review of the evidence submitted upon the motions to “correct and amend” the journal entry found the facts did not sustain the judgment of the trial court, to the effect that the original journal entry did not speak: the truth, and reversed it. We are in accord with the judgment of the Court of Appeals. The plaintiff in error having saved no exception, and prosecuted no error to the original
 
 *534
 
 decree, and having received and retained the fruits of that decree, will not now be permitted to have the decree reviewed under the guise of an application for an entry
 
 nunc pro tunc.
 

 Judgment affirmed.
 

 Jones, Matthias, Day and Allen, JJ., concur.
 

 Kinkade, J., not participating.