## INDUSTRIAL COMMISSION v McDANIEL

Ohio Appeals, 8th Dist, Cuyahoga Co.

No 9810. Decided June 10, 1929

Gilbert Bettman, Columbus, and Arthur Krause, Cleveland, for Indust. Comm.

Snyder & Mayoh, Cleveland, for McDaniel.

LEVINE, J.

Was the common pleas court empowered at a subsequent term to correct the previous journal entry heretofore filed and entered in this case, after the judgment has been paid and satisfied of record in accordance with the order contained in the first journal entry?

Counsel for plaintiff in error does not dispute the power of the court to enter a nunc pro tunc order to correct mistakes or irregularities in a previous entry but it is contended that the function of a nunc pro tunc order is limited to the correcting of mistakes and irregularities and can go no further. If the court rendered an erroneous judgment it has no power to remedy such error by the instrumentality of a nunc pro tunc order. In addition it is urged that the mistake which was made in the first journal entry as to the amount of weekly compensation, was caused by the inadvertence of counsel for the claimant and that therefore he is not in position to ask for a correction.

In the case of **Ewing vs McNairy, 20 OS. 315**, the court held:

"Where a party by his own mistake, and not by any fault of his adversary party, takes judgment by default for a less sum than the amount due on his claim, he cannot maintain a second action to recover the remainder."

We are of the opinion that the entering of a judgment after a verdict by a jury and the overruling of a motion for new trial, to correspond to such verdict, is a mandatory duty and that no discretion is lodged in the trial court with reference thereto. If the court for some reason failed to perform this mandatory duty it is enabled at any subsequent term to perform that duty. **Sec. 16631 GC** empowers the common pleas court to vacate or to modify its judgment after term for mistake, neglect or omission of the clerk. **Sec. 1164** provides that this may be done by the court on motion within three years after judgment was rendered.

In **Nye vs Stillwell, 12 O. C. C. 40** it was held:

"If one judgment as entered fails by mistake of the clerk to conform to that rendered, the error may be corrected on motion within three years."

**410**

The power of the court to correct its journal entry in furtherance of justice and to make it conform to the verdict is in our opinion fundamental. See **Jacks v. Adamson, 56 OS. 397; Charles v. Fawley, 71 OS. 50.**

In **Reinboldt vs Reinboldt, 112 OS. 526** the court held:

"Power of the trial court to make an entry nunc pro tunc after term does not extend beyond the power to make the journal entry speak the truth."

When the attention of the trial court is called to the fact that its mandatory duty to enter judgment upon the verdict has not been performed it is empowered to perform that duty even after term.

Holding as we do the judgment of the common pleas court is hereby affirmed.

Vickery, PJ and Sullivan, J, concur.