336

CLEVELAND TRUST CO., Plaintiff-Appellee, v. FORKAPA et, Defendant-Appellants.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22985. Decided February 24, 1954.

Sylvester Marx and Samuel B. Tilles, Cleveland, for plaintiff-appellee.

Roudebush, Adrion, Sanborn, Brown & Corlett, Cleveland, for defendant-appellant.

(HUNSICKER, J, STEVENS, J, of the Ninth District: COLLIER, J, of the Fourth District sitting by designation.)

## OPINION

By STEVENS J:

In the Court of Common Pleas of Cuyahoga County an action was filed on July 7, 1930, wherein, in the first cause of action, a claim for a money judgment on a cognovit promissory note signed by the M & F Land Company and M. R. Forkapa was made; the second cause of action sought the foreclosure of the mortgage securing said note.

An answer was filed, wherein, pursuant to the warrant of attorney contained in said note a judgment against M & F Land Company and M. R. Forkapa was confessed.

On July 7, 1930, an entry which appears only in the transcript of docket and journal entries (the original being missing from the file) was spread upon the journal as follows:

"The parties, by their attorneys, come and file their pleadings whereby the defendant, M & F Land Company confesses that they do owe the plaintiff, as damages, on the first cause of action the sum of $1599.58 It is therefore considered that said plaintiff recover of said defendant said damages, with interest thereon, at the rate of 8% from date, and also its costs of this suit, for all of which judgment is rendered against the defendant."

M & F Land Company, M. R. Forkapa and L. G. Collister, County Treasurer, were named as parties defendant and all were duly served with summons on July 8, 1930.

On April 6, 1932, by journal entry, the second cause of action of plaintiff's petition and the cross-petition of L. G. Collister, Treasurer, previously filed, were dismissed without prejudice at defendant's costs. On July 1, 1935, an execution against M & F Land Company and M. R. Forkapa was issued and on August 3, 1935, returned "No Money Made."

On May 13, 1953, plaintiff filed a motion for revivor of judgment and on the same day the Court of Common Pleas issued an order requiring said defendant M & F Land Company and M. R. Forkapa to show cause on or before June 13, 1953, why said judgment should not be revived.

On May 22, 1953, a motion for the entry of a judgment nunc pro tunc as of July 7, 1930, against M. R. Forkapa, was filed with the alternative request that the court render judgment against M. R. Forkapa for $1500.00 and interest.

On July 27, 1953, the court entered judgment nunc pro tunc as of July 7, 1930, against M. R. Forkapa for the full amount claimed and ordered said judgment revived.

An appeal on questions of law brings before this court the questions of the propriety of the entry of the nunc pro tunc judgment and it revivor.

We first address ourselves to the question of the nunc pro tunc judgment.

In **National Life Insurance Co. v. Kohn, 133 Oh St 111,** the second syllabus states:

"2. The power to enter such judgments or orders" (nunc pro tunc judgments) "is restricted ordinarily to the subsequent recording of judicial action previously and actually taken."

The opinion at page 113 states:

"It is a simple device by which a court may make its journal speak the truth. **Reinholdt v. Reinholdt, 112 Oh St 526, 147 N. E. 808** "

The law requires the production of clear and convincing evidence estabishing that the judment sought to be entered nunc pro tunc was in fact rendered by the court as of the prior date. Reinholdt v. Reinholdt, supra.

The evidence contained in this record shows that although the petition sought and the answer confessed judgment against M & F Land Company and M. R. Forkapa and that both signed the note upon which judgment was confessed, the judgment entry provided for the entry of a judgment against M & F Land Company.

No evidence was offered showing that the court actually ordered judgment against Forkapa, which it failed or neglected to include in the journal entry, and we are left to conjecture only to discover what the court did order, if anything, other than as shown by the journal entry

It is our unanimous conclusion that the evidence herein fails by a wide margin to attain the stature of clear and convincing evidence.

There was a failure of proof establishing the right to a nunc pro tunc judgment and the trial court prejudicially erred in ordering the entry of such judgment.

If the nunc pro tunc judgment entered falls, the order of revivor must fall because there would then be no judgment to be revived. The judgment nunc pro tunc is reversed as is the order of revivor because contrary to law.

The cause is remanded to the Court of Common Pleas for further proceedings according to law.

Reversed and remanded.

HUNSICKER, J, COLLIER, J, concur.