**GERSTENEK, Incompetent, In re: BREWER, Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 23906.   Decided December 12, 1956.

Paul Mancino, for plaintiff-appellee.
Wilbur H. Brewer, for defendant-appellant.

## OPINION

By SKEEL, J:

This appeal comes to this Court on questions of law from an order of the Probate Court of Cuyahoga County removing Wilbur H. Brewer as guardian of Barbara Gerstenek, incompetent, and ordering and directing that the journal making the original appointment be amended to show that the court at no time obtained jurisdiction over the ward because Barbara Gerstenek was never served with notice as provided by law and that the court was in error in making such appointment because the consent of the ward (to the appointment of a guardian because of physical disability) was never obtained.

The record shows that on November 29, 1951, Frank G. Kleinhens filed an application for letters of guardianship for Barbara Gerstenek, an incompetent, by reason of "advanced age and physical infirmity and mental illness." The court ordered notice to be served as provided by law. Such service was had on the ward by the Sheriff on December 1 and on December 10, 1951, the transcript shows "notice returned and filed."

On December 11, 1951, the application came on for trial and the following entries appear:

"Dec. 11, 1951. To Court: The application heretofore filed on November 29, 1951, by Frank G. Kleinhens to be appointed guardian of the person and estate of Barbara Gerstenek, an alleged incompetent person, coming on to be heard, the said application is withdrawn.

'Dec. 11, 1951. Application of Wilbur H. Brewer, 300 Engineers Bldg., Cleveland, Ohio, for letters of guardianship, filed. To Court: It appearing to the Court that applications have been filed praying for appointment as guardian of the person and estate, or of the estate only, or the person only, of the following persons who are alleged to be mentally incapacitated or physically incapacitated, and by reason thereof, incapable of taking proper care of themselves and property, and that all such persons have been notified of the filing of the said application according to law, and that the next of kin who are entitled to notice have been notified according to law or have waived notice; and the Court finding that such persons who are physically incapacitated have consented in writing to the appointment of the applicant and that the applicants are suitable persons to be appointed and that the statements contained in the application are true: It is therefore, by the Court ordered that the applicants be appointed guardian of the following persons, upon giving bond with sureties thereon as required by law or in respect to corporate fiduciaries, in accordance with the statute, without the giving of bond and that letters of guardianship for the estate only, be issued to such corporate fiduciaries without the giving of bond.

| 457893 | Ward | Applicant | Amount of Bond |
|---|---|---|---|
| | Barbara Gerstenek, Incompetent | Wilbur H. Brewer Person and estate | $9,000.00 |

Wilbur H. Brewer then qualified and letters of guardianship were issued. He then entered upon the duties imposed upon him by the appointment and acted in that capacity from December 12, 1951 until the entry of December 23, 1955 by which last entry he was removed. During that period the court instructed the guardian, as requested on a number of occasions, approved upon hearing a partial account, conducted and approved a land sale proceeding and approved other requests for authority to act filed by the guardian relative to the care of the ward.

On November 8, 1955, a motion seeking the removal of the guardian was filed wherein it was alleged:

"(1) That the appointment was improperly made contrary to the statutes so made and provided.

"(2) That the ward herein at no time consented to the appointment of a guardian over her person and her estate.

"(3) That the court had no authority to make the appointment herein for the reason that the appointment was made for physical disability of the ward herein.

"(4) That the ward at no time had her day in court.

"(5) That the ward does not desire a guardian over her person or estate and never has desired one.

"(6) That the ward is capable of managing and maintaining her own person and property."

Upon hearing in which the court received over objection evidence of the recollection of the witness as to what took place (the evidence received on the failure to establish statutory requirements) on December 11, 1951, on the hearing of the application for the appointment of a guardian as the basis of the journal entries of that date. The court then found for the ward and approved and ordered journalized the following entry:

"Dec. 23, 1955. To Court: This cause came on for hearing before Honorable Walter T. Kinder, Judge of the Probate Court, Cuyahoga County, Ohio, upon the motion of Barbara Gerstenek, to remove the guardian herein for the reason that the consent of the ward had at no time been obtained for the appointment of the guardian herein over the person and estate of the ward for physical disability and physical infirmity. Evidence was taken and adduced at the hearings in this matter and a record was taken and made of the proceedings had in this matter. Upon consideration thereof the court finds that the motion of Barbara Gerstenek to remove the guardian herein is well taken and the same is hereby granted. The court further finds that said Barbara Gernstenek at no time gave her consent for the appointment of a guardian over her person and estate; that said Barbara Gerstenek was at no time served with notice as provided by law upon the application filed by Wilbur H. Brewer. The Court further finds that its journal of December 11, 1951, Vol. 705, Page 583, is subject to the interpretation that Barbara Gerstenek consented in writing to the appointment of Wilbur H. Brewer as her guardian. The Court further finds that as thus interpreted, said journal does not speak the truth in that in point of fact said Barbara Gerstenek, as heretofore found, at no time consented to the appointment of a guardian over her person and estate. The guardian, Wilbur H. Brewer, requested separate findings of fact and law, which request was granted by the court and said separate findings of fact and law have been made and filed in this proceeding. IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the motion of Barbara Gerstenek to remove the guardian is hereby sustained and Wilbur H. Brewer is hereby removed as guardian in the within proceedings for the reason that said Barbara Gerstenek was never served with notice as provided by law and that the consent of the ward herein was never obtained for the appointment of said Wilbur H. Brewer as guardian over the person and estate of the ward herein, and that, therefore, the court at no time obtained jurisdiction over the person of the ward. IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Court's journal Vol. 705, page 583, be and the same is hereby corrected to show that insofar as concerns Barbara Gerstenek, no consent was by her made to the appointment of the guardian. IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Wilbur H. Brewer transfer and deliver to Barbara Gerstenek undiminished, by reason of the proceedings herein, the monies and property comprising the estate of Barbara Gerstenek, of which said appointment of the guardian. IT IS FURTHER ORDERED, ADJUDGED guardian became custodian at the time of his appointment. IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Wilbur H. Brewer,

within thirty days hereof, file herein an account of his administration as guardian of the estate of Barbara Gerstenek, including an account of his transfer and delivery to Barbara Gerstenek of the monies, property and assets as hereinabove provided. Exceptions to the guardian, Wilbur H. Brewer."

A motion for new trial was filed on December 30, 1955, and overruled on March 12, 1956. On March 16, 1956, an amended final account of Wilbur H. Brewer, guardian, as ordered by the court, was filed and counsel for the ward, who on January 12, 1956, was appointed "successor guardian," stated in open court that there is no objection to the approval of such account.

The appellant presents the following assignments of error, designated "Issues:"

"(1) On December 11, 1951, did the Court, having before it the application of Mr. Kleinhens, based upon mental incapacity of Mrs. Gerstenek and supported by medical evidence, have jurisdiction to appoint a guardian for said person?

"(2) Once having acquired jurisdiction to appoint a guardian, did the Court retain jurisdiction to appoint a person **other** than the applicant as such guardian?

"(3) Can that jurisdiction be removed from the Court by the action of any other person in 'withdrawing' his application?

"(4) Upon the execution by the Court of a journal entry appointing such guardian, and the spreading of such journal entry upon the public records of the Court, what position does such guardian enjoy?

"(5) To what extent may a Court, four years after a finding of fact and the execution of a journal entry thereon, inquire into the testimony originally presented, interpret the same and make a determination affecting the entire period of service as such guardian."

Sec. 2111.02 R. C., in part, provides:

"When found necessary, the probate court on its own motion or an application by any interested party shall appoint a guardian of the person, the estate, or both, of a minor, incompetent, habitual drunkard, idiot, imbecile, or lunatic or a guardian of the estate of a confined person provided the person for whom the guardian is to be appointed is a resident of the county or has a legal settlement therein.

"If a person is incompetent due to physical disability, the consent of the incompetent must first be obtained before the appointment of a guardian for him."

It is established by the face of the record that the applications of Kleinhens and Brewer were before the court at the same time (December 11, 1951) after Barbara Gerstenek had been served by the Sheriff on December 1, 1951, the notice stating that Frank C. Kleinhens had filed an application on November 29, 1951 "for the appointment of himself or **some other suitable person** as guardian of your person and estate." (Emphasis added.) "Said application is made on the ground that you are incapable of taking proper care of yourself or of your property by reason of being an incompetent."

From the fact that the application of Brewer was filed during the

progress of the trial on December 11, 1951, it must be deduced (and such deduction is an inescapable conclusion to be drawn from the facts carried into the court's journal entry) that notice was given as provided by law and the appointment of a guardian was consented to as provided by statute. The entry that the application of Kleinhens for appointment as guardian was withdrawn, when the whole record is considered, must be determined to apply to him as an applicant, and not a dismissal of the proceeding. The judge's act in appointing Brewer and the facts contained in the journal entry that service was had on the ward and consent to the appointment of guardian obtained can only be explained in that way. In support of establishing the fact of the ward's consent to the application of Kleinhenz for appointment as her guardian, consideration must be given to his application for fees (which application was granted) in which it was specifically stated that he, Kleinhenz, acted at her (the wards) specific request. This fact appears on the face of the record. The bill of exceptions, containing all the evidence of the hearing on the ward's motion for removal of Brewer as guardian, in great part seems to be directed as to what evidence was presented to the presiding judge at the time the appointment of the guardian, as exemplified by the court's journal of December 11, 1951, such evidence tending to contradict facts carried into the journal entry.

This evidence was irrelevant and inadmissible and should have been excluded. There can be no question of doubt from the face of this record that the court had jurisdiction of the subject matter of the action and that by the service of notice upon the ward that she was properly before the court. It is also clear by examination of the journal entry that the court found that all statutory requirements had been met necessary for the appointment of Brewer as guardian of the person and estate of Barbara Gerstenek, the court having found as a fact that service was had and consent given. The fact that the court for four years directed the course of the guardian tends to support the fact that the entry of December 11, 1951, was not made by mistake and that the court did find facts upon which to justify the appointment. The claim that the judgment of December 11, 1951, was void ab initio for want of jurisdiction is without legal foundation on the face of the record in the trial of the motion now before us.

The record indicates that the court in the trial of the ward's motion to remove the guardian almost four years after the original appointment was attempting to retry the issues or to determine whether, in the original trial, the court had before it sufficient evidence to justify its judgment. The court attempted by a nunc pro tunc order to "correct" the findings of fact in the original journal entry (claiming the absence of evidence to support the judgment). The use of an order nunc pro tunc is to correct a mistake appearing on the record, not to review a claim of error that the judgment was not sustained by the evidence where, on the face of the record, the court had jurisdiction of the subject of the action and of the person of the ward and the journal entry approved by the court finds facts sufficient in law to sustain the judgment entered. The question of consent, as required by statute, to the

appointment of a guardian is an issue of fact to be established by the evidence and not one affecting the court's jurisdiction. A judgment of a court of record (of competent jurisdiction to try the issues presented and having jurisdiction of the person or persons before it as required by law) entered after trial, is final unless an appeal is taken or unless a motion to vacate is granted within the limitations of the statutes.

The appellee here does not claim this proceeding to be one provided by law seeking relief after judgment. The appellee, in effect is here making a collateral attack on the jurisdiction of the court over the ward and the power of the court to make the appointment of Wilbur H. Brewer as guardian of Barbara Gerstenek, incompetent.

In the case of Sheldon's Lessee v. Newton, 3 Oh St 494, almost the identical question was presented. The Common Pleas Court, acting as the Probate Court in the administration of the Estate of Jeremiah Sheldon, authorized a land sale to pay debts. By the agreed statement of facts, a petition to sell land was filed in the April Term 1829, of the Common Pleas Court of Washington County in the probate proceeding in which Olive Sheldon, widow of decedent, and Israel Sheldon, brother of decedent, had been appointed and had qualified to administer the estate. The real property owned by the decedent was described in the petition, the fact that the personal property was not sufficient to pay the debts and prayed that the widow's dower be set off, that the property be appraised and that two parcels (not the land herein described) be sold. The children of Jeremiah Sheldon (both minors) were made parties defendant. The minors (the oldest being then about five years of age) were not served but a guardian ad litem was appointed. The property was appraised and the dower set off to the widow and the two parcels ordered sold. The order of sale was reissued in the April Term 1830, and the lands in dispute were sold to Andrew McConnell, a minor, who was the purchaser in name only, paid no money and took title only to subsequently deed it to Israel Sheldon, Administrator, the same day he got the deed. It further appears that while the case was pending, the administratrix and administrator were married. That thereafter (October 1833) Israel Sheldon deeded the property to William Fleming, who in 1834 deeded the property to the defendant who did not know of or have notice of the infancy of McConnell. A short time before this action was brought, almost twenty years after the probate proceeding, McConnell deeded the property to the lessors of the plaintiff. It was the contention of the plaintiff that:

"That the record relied upon by the defendant fails to show the existence of many facts indispensable to the jurisdiction of the court; the petition did not ask for authority to sell the lands now in controversy, and there was, therefore, in respect to them, in effect, no petition; the heirs were never made parties by being brought into court, and an opportunity given them to defend their rights; no deficiency of the personal assets appears to have been judicially ascertained, and, therefore, no necessity for the sale of real estate was shown, and that, in proceeding to order a sale without the existence of these essential prerequisites to its authority, as well as in delegating to the personal repre-

sentative the discretion to determine what lands should be sold, and in allowing more to be sold than was necessary to meet the alleged deficiency of the personal estate, the court exceeded its jurisdiction, and its order was wholly inoperative to transfer or affect the title to the premises now in dispute."

The court said on page 499 of the opinion:

"1. A settled axiom of the law furnishes the governing principles by which these proceedings are to be tested. If the court had jurisdiction of the subject-matter and the parties, it is altogether immaterial how grossly irregular, or manifestly erroneous its proceedings may have been; its final order cannot be regarded as a nullity, and cannot, therefore, be collaterally impeached. On the other hand, if it proceeded without jurisdiction, it is equally unimportant how technically correct, and precisely certain, in point of form, its record may appear; its judgment is void to every intent, and for every purpose, and must be so declared by every court in which it is presented. In the one case, the court is invested with the power to determine the rights of the parties, and no irregularity or error in the execution of the power, can prevent its judgment, while it stands unreversed, from disposing of such rights as fall within the legitimate scope of its adjudication; while in the other, its authority is wholly usurped, and its judgments and orders the exercise of arbitrary power under the forms, but without the sanction, of law. The power to hear and determine a cause is jurisdiction; and it is coram judice whenever a case is presented which brings this power into action. But before this power can be affirmed to exist, it must be made to appear that the law has given the tribunal capacity to entertain the complaint against the person or thing sought to be charged or affected; that such complaint has actually been preferred; and that such person or thing has been properly brought before the tribunal, to answer the charge therein contained. When these appear, the jurisdiction has attached; the right to hear and determine is perfect; and the decision of every question thereafter arising is but the exercise of the jurisdiction thus conferred; and whether determined rightfully or wrongfully, correctly or erroneously, is alike immaterial to the validity, force, and effect of the final judgment, when brought collaterally in question. United States v. Arredondo, 6 Pet. 709; Rhode Island v. Massachusetts, 12 Pet. 718."

That the court had no power to attempt to "correct the record" where the record shows on its face that it exemplifies exactly what the court intended by its judgment to do, is clear from the cases.

In 23 O. Jur., 678, paragraph 255, it is said:

"An erroneous judgment cannot be corrected by nunc pro tunc entry. It is not a proceeding for the purpose of reviewing former judgments by the same court, or of correcting errors of judgment theretofore exercised."

and paragraph 285, at page 694, provides that:

"Courts exercise the power to correct their records so as to make them speak the truth, if the judgment entered is not in accord with the actual decision, or is not the judgment which was actually rendered, or is entered as of the wrong date, or omits or misstates a material fact,

whether the erroneous entry was made by mistake, fraud, or otherwise. Thus, at common law a mistake of the clerk in entering judgment that the defendant recover, instead of the plaintiff, could be corrected. However, correction cannot be made, after term of court, of an entry on the journal which correctly states the judgment actually rendered, even if such judgment contains a mistake of law or of fact, or both."

In the case of **Reinbolt v. Reinbolt, 112 Oh St 526, 147 N. E. 808,** the court said:

"1. The power of the trial court to make an entry nunc pro tunc after term does not extend beyond the power to make the journal entry speak the truth.

"2. A trial court is without power to alter his conclusion by nunc pro tunc entry at a term subsequent to the term of the original entry."

See also **State, ex rel. Cincinnati v. Schneider, 89 Oh Ap 96, 100 N. E. (2d) 863.**

If we were to consider the motion as one seeking to vacate a judgment after term, we would be met with the statute of limitations. **Sec. 2325.01 R. C.,** provides:

"The court of common pleas or the court of appeals may vacate or modify its own final order, judgment, or decree after the term at which it was made:

"* * *

"(C) For mistake, neglect, or omission of the clerk, or irregularity in obtaining a judgment or order;

"(D) For fraud practiced by the successful party in obtaining a judgment or order;

"* * *"

**Sec. 2325.04 R. C.,** provides that proceedings under **paragraph (C)** of §2325.01 R. C., must be by motion and by §2325.05 R. C., it is provided that the proceeding under **paragraph (D)** must be by petition upon which summons must issue. By §2325.10 R. C., it is provided that a motion filed under the authority of **paragraph (C)** of §2325.01 R. C., must be filed within three years of the order or judgment sought to be vacated and a petition under **paragraph (D)** must be filed within two years of such order of judgment.

These provisions are applicable to judgments or orders of the courts of probate (§2101.32 R. C.), but the right in this case to relief under them is now barred by §2325.10 R. C., supra. There is now no relief to be had to either vacate or review the judgment or order of the Probate Court entered December 11, 1951, appointing Wilbur H. Brewer guardian of Barbara Gerstenek based on the claim that the judgment was erroneous for want of sufficient evidence, such claim being directly contradicted by the journal entry approved by the court.

For the foregoing reasons, the order of the court removing Wilbur H. Brewer as guardian of Barbara Gerstenek is reversed, and, because the only ground for removal is based on the illegality of the judgment by which he was appointed, final judgment is entered for the appellant.

Exceptions noted. Order see journal.

KOVACHY, PJ, HURD, J, concur.