THE STATE OF OHIO, APPELLEE, *v.* COLEMAN, APPELLANT.

(No. 5177—Decided June 1, 1959.)

*Mr. Anthony G. Pizza,* for appellee.
*Mr. J. Slater Gibson,* for appellant.

SMITH, J. This is an appeal on questions of law from a judgment of the Court of Common Pleas, Division of Domestic Relations and Juvenile Court, granting a motion of appellee, the state of Ohio, for a *nunc pro tunc* order correcting an order theretofore entered June 9, 1948, by inserting in the blank space therein the sum of $10 per month to be reimbursement by the Reverend Samuel Coleman to Lucas County for money

expended by the county in connection with the rehabilitation of Clarence Coleman, a minor delinquent.

The pertinent part of the order dated June 9, 1948, entered on the court's journal, reads as follows:

"It is ordered and adjudged that said Clarence Coleman be committed to the temporary care and custody of the Children's Village, Dobbs Ferry, New York, county to pay therefor at the rate of $75.00 per month commencing 6-16-48. County to be reimbursed subject to the control of the proper authorities of said institution, by foster parents at the rate of $.... per month and by mother at the rate of $.... per month. (Financial arrangements entered by agreement of foster parents and mother) until further order of the court."

Thereafter, on July 8, 1948, there was entered an order in the case on the journal of the court to wit:

"Present: Sam'l. Coleman, Doneghy, P. O.; Reverend Coleman agrees and is hereby ordered to contribute $10.00 monthly for child's support, and furnish necessary clothing. No order to be entered against mother;"

On April 23, 1958, appears an entry as follows:

"This day this cause came on to be heard in open court. Present father, Registrar Conner. Court finds total indebtedness of father to county is $1,534.20 (without interest amounting to about $399)."

Following a lapse of over ten years from the aforesaid order of June 9, 1948, a further order was entered on January 20, 1959, by a visiting judge on the motion for a *nunc pro tunc* order before us for review, which reads:

"This cause came on to be heard on the motion of Anthony Pizza, Assistant Prosecuting Attorney of Lucas County, Ohio, for a *nunc pro tunc* order to complete the order of June 10, 1948, by inserting the sum of $10.00 per month as reimbursement to the county by the Rev. Samuel Coleman. Upon consideration thereof, and upon the evidence and statements of counsel the court finds that said motion is well taken and grants same. It is therefore ordered, adjudged and decreed that the order of June 10, 1948, be completed by inserting the sum of $10.00 per month as reimbursement to the county by the Rev. Samuel Coleman."

The date of June 10, 1948, refers to order made on June 9, 1948.

The aforesaid entries of June 9, 1948, July 8, 1948, and April 23, 1958, constitute the only record before the court on which the order *nunc pro tunc* of January 20, 1959, was based. Although the entry recites it was made "upon the evidence and statements of counsel," the transcript of the proceedings filed as a part of the record on this appeal disclose that no evidence was adduced at the hearing on the motion for an order *nunc pro tunc*. Judge Archer, before whom the motion was heard, inquired as to the reason for his hearing the same rather than Judge Alexander who had theretofore entered judgment. Thereupon counsel for the state reported to the court: "Judge Alexander stated at the time we had a motion to strike from the files, that since he was the party [Judge] who made the entry, he felt he would prejudice, possibly, Mr. Gibson's side [counsel for Reverend Coleman] of the case by so hearing it. He wanted to have an independent judge to hear the matter anew and it would show from the record what his intention would be, and if necessary he would testify if the court needed it, and that's what the reason is."

The above quotation from the entry of June 9, 1948, shows two blank spaces following dollar signs referring to foster parents and mother of child and in parenthesis the language: ("Financial arrangements entered by agreement of foster parents and mother"). This follows an order to reimburse the county for payment on account of delinquent child in the amount of $75 per month. About a month later, the same judge ordered Reverend Coleman by agreement to "contribute $10.00 monthly for the child's support and furnish necessary clothing." The mother of the child was expressly excluded from the order. Almost ten years later, the same judge entered a finding without order that the total indebtedness of the father was $1534.20 without interest. The foregoing orders do not exhibit the clear intention of the judge at the time of decision. Indeed, they are confusing as to the number of people who are to make payment, the amount and for what purpose, either to support the delinquent child or reimburse the county for payments to Children's Village, Dobbs Ferry, New York.

Without evidence in the record such as the testimony of the local judge who entered the 1948 orders, in reference to whose order the *nunc pro tunc* order is sought, the visiting judge did not have sufficient evidence to enter the order of January 20, 1959, *nunc pro tunc* "to complete the order of June 10, 1948, by inserting the sum of $10.00 per month as reimbursement to the county by Reverend Sam Coleman." Such order does not have the office of completing the former order.

The law appears firmly established that a *nunc pro tunc* entry of a judgment can be made upon motion of a party upon proper ground on the basis of the court's own recollection, upon memoranda contained in the court records, or upon extraneous oral evidence. 31 Ohio Jurisprudence (2d), 580, Section 103. In a proper case and upon satisfactory proof a *nunc pro tunc* entry may be had after the term of court at which the judgment was rendered—even many years after a record has been made up. *City of Toledo* v. *Preston*, 50 Ohio St., 361, 34 N. E., 353; *Reinbolt* v. *Reinbolt,* 112 Ohio St., 526, 147 N. E., 808; 31 Ohio Jurisprudence (2d), 574, Section 95. See *State, ex rel. Phillips,* v. *Industrial Commission,* 116 Ohio St., 261, 155 N. E., 798; *Lentz* v. *Lentz,* 19 Ohio App., 329.

In *Reynolds* v. *Reynolds,* 12 Ohio App., 63, in the third paragraph of the syllabus, it is stated:

"When a court must act itself, and act directly, that act must be evidenced by the record. After the term, a court may not, by an order entered *nunc pro tunc,* enter of record an order that it might have made, or intended to make, but which in fact was not made, attempted or directed to be made."

And, in *Cleveland Leader Printing Co.* v. *Green,* 52 Ohio St., 487, 40 N. E., 201, 49 Am. St. Rep., 725, in the first paragraph of the syllabus it is said:

"The province of a *nunc pro tunc* entry is to correct the record of the court in a cause so as to make it set forth an act of the court, which though actually done at a former term thereof, was not entered upon the journal; and it cannot lawfully be employed to amend the record so as to make it show that some act was done at a former term, which might or should have been, but was not, then performed."

Judgment may be entered *nunc pro tunc* upon the correc-

tion of an entry of judgment which was not the same as the decision actually made, the conclusion reached by the court, or the judgment actually rendered. In other words, a *nunc pro tunc* entry is an available remedy where a court has acted and its action has not been correctly recorded. 31 Ohio Jurisprudence (2d), 578, Section 98. Judgments *nunc pro tunc* are employed to make the record speak the truth, and the function of such entries is the correction of judgments rendered in so far as they fail to record, or improperly record, the judgment rendered by the court, as distinguished from the correction of an error in the judgment itself or in a failure to render the judgment; and a *nunc pro tunc* entry of a judgment is not available to alter the conclusion of the court. 31 Ohio Jurisprudence (2d), 575, Section 96. This power of the court, however, should be exercised with caution, because otherwise the stability of judgments would be destroyed. *Ruby* v. *Wolf*, 39 Ohio App., 144, 177 N. E., 240.

General rules relating to competency of evidence are applicable in hearings upon motions for an entry of judgment *nunc pro tunc*. But the power of a court of record to enter, *nunc pro tunc*, the evidence of judicial action previously taken should be exercised only upon sufficient evidence, upon evidence which shows clearly and convincingly that such former action was in fact taken. *Jacks* v. *Adamson*, 56 Ohio St., 397, 47 N. E., 48, 60 Am. St. Rep., 749; *National Life Ins. Co.* v. *Kohn*, 133 Ohio St., 111, 11 N. E. (2d), 1020; *Reinbolt* v. *Reinbolt, supra* (112 Ohio St., 526); *Cleveland Trust Co.* v. *Forkapa*, 70 Ohio Law Abs., 336, 117 N. E. (2d), 442; 31 Ohio Jurisprudence (2d), 581, Section 105. And in no instance can a record be changed so as to constitute a different decision from that which was actually, in the then intention of the judge, rendered. 31 Ohio Jurisprudence (2d), 589, Section 115. Furthermore, the entry of a judgment *nunc pro tunc* must affirmatively show what it is intended to correct, the ground upon which the court acted, whether upon its own recollection, upon memoranda contained in the court records or upon extraneous oral evidence. 31 Ohio Jurisprudence (2d), 582, Section 106.

Upon the record in this case, showing insufficient evidence, and in view of the authorities herein cited, the judgment of

480

the lower court is reversed and the cause remanded thereto for rehearing on the motion for an order *nunc pro tunc* as to the entry of June 9, 1948.

*Judgment reversed.*

FESS and DEEDS, JJ., concur.