OPINION
This is an appeal from the Ashtabula County Court of Common Pleas, Domestic Relations Division. Appellant, Robert D. Reynolds, appeals the trial court's judgment entry requiring him to reimburse appellee, Anita J. Reynolds, for sums she paid on certain judgments.
Appellant and appellee were married on December 26, 1993, and no children were born as issue of the marriage. On May 14, 1997, appellee filed for divorce on the grounds of extreme cruelty, neglect of duty, and incompatibility. On January 22, 1999, the parties' final judgment entry of divorce was filed. That judgment entry revealed that the parties were joint owners in a business that was not successful, in which appellant received the bulk of the remaining business assets. The divorce decree ordered appellant to "pay all debts related to the business and all other bills which he incurred during the marriage * * *." The debts relevant to this appeal include: a $3,000 judgment to Louis Porreco ("Porreco"), and a $4,645.17 judgment to Kinnunen Realty ("Kinnunen"). In the divorce decree, the trial court also found appellant to be in contempt for failing to return appellee's automobile as ordered by the court. The trial court indicated that appellant could purge himself of the contempt regarding the car by paying appellee $2,624.35, within ninety days from the date of the judgment entry.
Thereafter, on June 21, 1999, appellee filed a motion to show cause because appellant had not yet paid on the $3,000 debt to Porreco, the $4,645.17 debt to Kinnunen, or the $2,624.35 debt to appellee for her car. On September 29, 1999, appellee filed a "Motion to Impose Sentence" on appellant as he "was found in contempt on January 22, 1999, and has not [yet] purged himself * * *."
On November 30, 1999, after a hearing on appellee's motion to show cause was held, the magistrate issued her decision and found that appellant did not willfully violate a court order since appellee had already paid the judgments of $3,000 to Porreco and $4,645.17 to Kinnunen before the trial court issued its final decree of divorce on January 22, 1999.[1] Therefore, the magistrate decided that appellant was not in contempt in this regard. The matter was then set for hearing "on the issue of the correction of the [j]udgment [e]ntry * * *." Subsequently, on December 15, 1999, the trial court adopted the magistrate's decision.
A hearing before the trial court on appellee's motion to impose sentence and to correct the judgment entry took place on December 30, 1999. At the hearing, appellee testified that she paid Porreco, and a satisfaction of judgment was filed on October 15, 1997. Appellee then paid Kinnunen, and a satisfaction of judgment was also filed with respect to this debt on November 2, 1998. She proceeded to file bankruptcy in the summer of 1999. Appellee explained that she refinanced her home because Porreco had placed a lien on it and his attorney told her that he was going to file a foreclosure.
Following the hearing, the trial court issued a judgment entry on January 3, 2000, stating "[i]t was the Court's intention [in the January 22, 1999 judgment entry] that [appellant] pay these obligations, either directly or indirectly, or by reimbursement to [appellee] * * *." The trial court found that appellant "failed, without cause, to purge himself of contempt." Thus, the trial court ordered that the January 22, 1999 judgment entry be "supplemented, nunc pro tunc [sic], to specifically provide that [appellant] shall reimburse [appellee] for the sums she has paid on the judgment of * * * Porreco, in the amount of $3,000, and the judgment of Kinnunen * * *, in the total amount of $5,671.17." The trial court also sentenced appellant to serve thirty days in jail for contempt on the car debt. It is from that entry that appellant filed the instant appeal and now asserts the following as error:
 "The trial court erred in modifying the final judgment entry of divorce nunc pro tunc [sic]."
 Appellant's sole contention is that the trial court erred in modifying the final judgment entry of divorce, nunc pro tunc, because neither party appealed from the January 22, 1999 entry and because the trial court had no authority to modify or vacate its order sua sponte.
The purpose of a nunc pro tunc order is to have the judgment of the court reflect its true action. The power to enter a judgment nunc protunc is restricted to placing on the record evidence of judicial action which has actually been taken. Roth v. Roth (1989), 65 Ohio App.3d 768, paragraph one of the syllabus. A nunc pro tunc judgment cannot be used to change a prior judgment entry unless the earlier entry did not reflect what was actually decided by the court. Id. at 771. Nunc pro tunc
judgments are employed to make the record speak the truth, and the function of such entries is the correction of judgments rendered, to the extent that they fail to record, or improperly record the judgment rendered by the court. State v. Coleman (1959), 110 Ohio App. 475,478-79. Therefore, nunc pro tunc entries correct judicial errors, but are limited in proper use to reflecting what the court actually decided, not what the court should have decided or intended to decide. State exrel. Litty v. Leskovyansky (1996), 77 Ohio St.3d 97, 100; State ex rel.Fogle v. Steiner (1995), 74 Ohio St.3d 158, 163-164.
Furthermore, we note that "[a] domestic relations court lacks jurisdiction to revisit the division of property in a divorce or dissolution unless its final judgment or decree contains an express reservation of continuing jurisdiction. * * *" Schrader v. Schrader
(1995), 108 Ohio App.3d 25, 28; see, also, Wolfe v. Wolfe (1976),46 Ohio St.2d 399, paragraph one of the syllabus; Vilseck v. Vilseck
(Dec. 31, 1996), Ashtabula App. No. 96-A-0003, unreported, at 4, 1996 WL 760923. Moreover, "* * * a court of common pleas is without jurisdiction to modify a divorce decree as to the division of personal property, or the payment of a debt of the parties, where no disposition was made in this regard in the original decree, the appeal time has run, and no appeal was taken from the decree." Schumaker v. Schumaker (Sept. 30, 1993), Portage App. No. 93-P-0022, unreported, at 2, 1993 WL 406573.
In the instant matter, in the original divorce decree dated January 22, 1999, the trial court ordered appellant to pay the debts to Porreco and Kinnunen, and to pay appellee $2,624.35 within ninety days for her car. However, the evidence presented at the motion to show cause hearing revealed that appellee paid the debts to Porreco and Kinnunen well before the January 22, 1999 divorce decree was filed in order to avoid a foreclosure against the marital residence by one or more of the foregoing creditors. Prior to the issuance of that decree, the record does not reflect that appellee revealed that she had already paid those debts and that she wanted to be reimbursed for them. That information was not discovered until the magistrate's hearing on the motion to show cause.
In addition, it is clear from the express language of the nunc protunc entry that the trial court was clarifying what its intention was in the January 22, 1999 divorce decree. Pursuant to Leskovyansky, nunc protunc entries are limited to reflecting what the court actually decided, not what the court intended to decide. Hence, it is our view that a nuncpro tunc entry was not the proper avenue to enforce appellant's payment of the Porreco and Kinnunen debts because the trial judge used it as a means of clarifying his intentions.
Therefore, appellant's assignment of error is sustained as to the nuncpro tunc entry with regard to the payment of the Porreco and Kinnunen debts. However, we note that a court can indeed revisit a prior judgment to cause its enforcement based on the table of evidence before it. SeeElliot v. Elliot (Nov. 24, 1989), Ashtabula App. Nos. 88-A-1403 and 88-A-1404, unreported, at 2-3, 1989 WL 142787; Peck v. Peck (June 2, 1989), Ashtabula App. No. 88-A-1385, unreported, at 3, 1989 WL 59188.
The trial court initially determined that appellant was responsible for the payment of the Porreco and Kinnunen debts, and appellant was found in contempt for not paying those debts. The trial court may cause its initial judgment to be enforced, but a nunc pro tunc entry is not the proper method of enforcement. Thus, the case is remanded for the trial court to enforce its judgment against appellant, either by enforcing its contempt finding or otherwise, since it is clear that the purpose and intent of the trial court's judgment on these issues was for appellant to be responsible for these particular debts, and in effect, appellee was to be saved harmless from them. Appellant's obligation under these circumstances has not evaporated.[2]
Further, it is our determination that the trial court did not err in finding appellant in contempt for not paying appellee $2,624.35 for the vehicle and sentencing him to thirty days in jail, since the original divorce decree from January 22, 1999, ordered that appellant had ninety days to pay appellee to purge himself of contempt.
For the foregoing reasons, the judgment of the Ashtabula County Court of Common Pleas, Domestic Relations Division, is affirmed in part with respect to its contempt order, and reversed in part, as it related to itsnunc pro tunc order, and remanded for further proceedings consistent with this opinion.
 ______________________________ PRESIDING JUDGE DONALD R. FORD
CHRISTLEY, J., O'NEILL, J., concur.
[1] A copy of the transcript from the hearing before the magistrate was not made part of the record in this matter.
[2] This rationale is enforced by virtue of the fact that these particular marital debts do not appear to have been extinguished by appellee's bankruptcy action.