This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellants, Bankers Insurance Co., A. A. Quick Release, and Daniel Mantsch, appeal from a judgment in the Wayne County Municipal Court. We vacate the trial court's order of February 11, 2002.
 I. {¶ 2} Defendant, Gordon Senz, was arrested on June 30, 2000, and charged with driving under suspension, in violation of R.C. 4507.02(B)(1), driving left of center, in violation of R.C. 4511.25, and driving under the influence, in violation of R.C. 4511.19(A)(1) and (A)(3). Throughout the pendency of his case, Senz failed to appear for trial on different occasions. On July 17, 2001, Senz was arrested on outstanding bench warrant for his failure to appear at trial scheduled for June 27, 2001. Daniel Mantsch ("Mantsch") of A. A. Quick Release ("Quick Release") posted a $10,000 surety bond on Senz's behalf from Bankers Insurance Co., and the trial was reset for August 15, 2001. Senz failed to appear for trial, and a bench warrant for his arrest was issued. Senz was arrested on September 16, 2001.
 {¶ 3} On October 16, 2001, the Wayne County Municipal Court ordered the forfeiture of the bond and entered judgment against Quick Release in the amount of $10,000. Mantsch filed a notice of appeal from that order. However, this Court dismissed that appeal for lack of a final, appealable order and/or lack of standing.
 {¶ 4} Thereafter, Mantsch, Quick Release, and Steve Domonkas of Quick Release filed a motion to vacate and set aside the judgment against Quick Release, arguing that the judgment was void as a matter of law because the judgment was against a nonentity, a sole proprietorship doing business under a fictitious name. The trial court then entered a judgment entry nunc pro tunc, stating, "The judgment entry of October 16, 2001 shall include Bankers Insurance Company, P.O. Box 15707, St. Petersburg, FL. 33733, as a surety." This appeal followed.
 II. {¶ 5} Before we reach the merits of the appellants' assignments of error, we must address the issue of standing of Appellant Mantsch. Only a party aggrieved by a final order may perfect an appeal. Ohio ContractCarriers Assn., Inc. v. P.U.C.O. (1942), 140 Ohio St. 160, syllabus. The burden is on the appellant to establish that he is an aggrieved party whose rights have been adversely affected by the trial court's judgment.Tschantz v. Ferguson (1989), 49 Ohio App.3d 9, 13. See, also, StollFarms, Inc. v. Stoll (Nov. 24, 1993), Wayne App. No. 2791, at 4.
 {¶ 6} Mantsch has appealed from the nunc pro tunc order which entered judgment against Bankers Insurance Co. The trial court had previously entered judgment against Quick Release. The record reveals that at no point did the trial court enter judgment against Mantsch individually. Accordingly, Mantsch is not an aggrieved party whose rights have been adversely affected, and, as such, Mantsch lacks standing to appeal in this matter.
 {¶ 7} We now turn to the appellants' assignments of error. Appellants raise five assignments of error, which we address in a different order than presented for ease of discussion.
 Assignment of Error No. 2 {¶ 8} "THE TRIAL COURT ERRED AS A MATTER OF LAW BY GRANTING JUDGMENT AGAINST BONDSMAN PERSONALLY WHERE BONDSMAN AGENT OF CORPORATE SURETY WITH AUTHORITY TO POST SURETY BAIL BOND." (SIC.)
 {¶ 9} In the second assignment of error, Appellants argue that the trial court erred when it entered judgment against Mantsch personally because he was acting as an agent of a corporate surety. As we have previously noted, at no point did the trial court enter judgment against Mantsch personally, and Mantsch is not an aggrieved party whose rights have been adversely affected. Mantsch lacks standing to challenge the orders of the trial court, thereby obviating our discussion of the second assignment of error. Accordingly, this Court will not address Appellants' second assignment of error.
 Assignment of Error No. 4 {¶ 10} "THE TRIAL COURT ERRED AS A MATTER OF LAW BY GRANTING JUDGMENT AGAINST APPELLANT BANKERS INSURANCE COMPANY BY JUDGMENT ENTRY NUNC PRO TUNC."
 {¶ 11} In the fourth assignment of error, Appellants assert that the trial court erred when it entered judgment against Bankers Insurance Co. through a nunc pro tunc order. We agree.
 {¶ 12} Courts possess inherent authority to correct errors in judgment entries in order for the record to speak the truth. State exrel. Fogle v. Steiner (1995), 74 Ohio St.3d 158, 163-164. Thus, the purpose of a nunc pro tunc entry is to make the record reflect the truth.Reinbolt v. Reinbolt (1925), 112 Ohio St. 526, 532. The function of a nunc pro tunc entry is not to correct or modify an existing judgment, but rather to make the record conform to that which has already occurred.State ex rel. Phillips v. Industrial Commission (1927), 116 Ohio St. 261,264. Therefore, "nunc pro tunc entries are limited in proper use to reflecting what the court actually decided, not what the court might or should have decided or what the court intended to decide." Fogle,74 Ohio St.3d at 163-164. See, also, Ferraro v. B.F. Goodrich Co.,149 Ohio App.3d 301, 2002-Ohio-4398, at ¶ 9. Moreover, a nunc pro tunc entry is inappropriate when it reflects a substantive change in the judgment. Id., quoting State ex rel. Litty v. Leskovyansky (1996),77 Ohio St.3d 97, 100. When a court exceeds its power in entering a nunc pro tunc order, the resulting nunc pro tunc order is invalid. NationalLife Ins. Co. v. Kohn (1937), 133 Ohio St. 111, 113-114.
 {¶ 13} In this case, the trial court's nunc pro tunc entry entered judgment against another party. This is a substantive change and not an entry that merely reflects what had previously occurred in the court. Accordingly, it was error for the trial court to enter judgment against Bankers Insurance Co. through a nunc pro tunc entry. Appellants' fourth assignment of error is sustained, and the nunc pro tunc entry of February 11, 2002 is vacated.
 Assignment of Error No. 1 {¶ 14} "JUDGMENT AGAINST A A QUICK RELEASE IS VOID FOR THE REASON THAT SUCH IS A FICTITIOUS NAME OF A SOLE PROPRIETORSHIP."
 Assignment of Error No. 3 {¶ 15} "THE TRIAL COURT ABUSED ITS DISCRETION BY ENTERING JUDGMENT ON THE FULL AMOUNT OF SURETY BOND."
 Assignment of Error No. 5 {¶ 16} "THE TRIAL COURT ERRED AS A MATTER OF LAW BY ORDERING THAT JUDGMENT BE PAID NO LATER THAN OCTOBER 26, 2001."
 {¶ 17} In the first, third, and fifth assignments of error, Appellants challenge the trial court's judgment of October 16, 2001, which entered judgment against Quick Release.
 {¶ 18} App.R. 4(A) provides that a notice of appeal shall be filed within thirty days of the entry of judgment. The judgment against Quick Release was entered on October 16, 2001. Quick Release did not file its notice of appeal until March 13, 2002, after the trial court entered its nunc pro tunc entry.
 {¶ 19} The general rule is that a nunc pro tunc order does not operate to extend the period within which an appeal may be prosecuted. SeePerfection Stove Co. v. Scherer (1929), 120 Ohio St. 445, 448-449. Exceptions exist in situations where the nunc pro tunc entry creates additional rights, denies an existing right, or the appeal stems from the nunc pro tunc entry, as distinguished from the original judgment entry. Id. at 449.
 {¶ 20} Quick Release had the opportunity to appeal the trial court's decision entering judgment against it in October, 2001. However, Quick Release failed to timely perfect an appeal after the trial court entered judgment and instead appealed from the nunc pro tunc order.[1]
Quick Release cannot extend the strict time limits of App.R. 4(A) by filing an appeal from a nunc pro tunc order that neither created additional rights nor denied any of Quick Release's existing rights, especially since Quick Release's assignments of error stem from the original judgment entry and not from the nunc pro tunc order. See Statev. Shinkle (1986), 27 Ohio App.3d 54, 56, citing Perfection Stove Co., supra.
 {¶ 21} We therefore decline to address the first, third, and fifth assignments of error, as Quick Release has attempted to challenge the original judgment against it and not the nunc pro tunc entry.
 III. {¶ 22} Appellants' fourth assignment of error is sustained. The February 11, 2002 nunc pro tunc judgment entry of the Wayne County Municipal Court is vacated.
WHITMORE, J., BATCHELDER, J. CONCUR.
[1] We note that Appellant Mantsch was the only party to file a notice of appeal from the October 16, 2001 judgment entry.