OPINION
{¶ 1} Appellant, Ethel Peck, appeals the September 23, 2003 judgment entry in which the Lake County Court of Common Pleas, Probate Division, issued a nunc pro tunc entry clarifying its June 21, 2002 entry by indicating that there was clear and convincing evidence that as of May 10, 2002, Donald I. Peck ("Peck") was incompetent and required the assistance of a guardian for his person and estate.
 {¶ 2} An application for the appointment of a guardian was filed with the trial court on February 12, 2002, regarding Peck. Appellee, Russell J. Meraglio, was appointed the emergency guardian on April 15, 2002. After a hearing on May 10, 2002, the magistrate issued a May 22, 2002 decision recommending that Peck be found incompetent. The trial court issued a judgment entry on June 21, 2002, adopting the magistrate's decision finding that Peck was incompetent and appointing appellee as the guardian of the person and estate of Peck. Eleven days before this entry, on June 10, 2002, Peck married appellant in Pennsylvania.[1] On August 11, 2003, appellant's attorney filed a limited entry of appearance on behalf of appellant.[2] On September 23, 2003, the trial court issued a nunc pro tunc entry to clarify that "at least as of the date of the May 10 hearing, there was clear and convincing evidence that [Peck] was incompetent and required the assistance of a guardian of the person and estate." Appellant timely filed the instant appeal and now presents a single assignment of error for our review:
 {¶ 3} "Whether the trial court erred to the prejudice of [appellant] when it issued its nunc pro tunc entry of September 23, 2003 which substantively changed the trial court's previous order."
 {¶ 4} Preliminarily, we note that appellant filed a motion to vacate the nunc pro tunc entry on October 8, 2003. However, on November 5, 2003, appellant filed a motion to stay proceedings pending this appeal, which the trial court granted. While on appeal, appellee filed a motion to dismiss due to lack of standing. We determined that appellant had standing and overruled appellee's motion to dismiss because appellant had "demonstrated not only a strong present interest in the subject matter of this litigation, but, also, the possibility of tremendous prejudice."
 {¶ 5} Under her sole assignment of error, appellant alleges that the trial court erred in issuing its September 23, 2003 nunc pro tunc order, which was a substantive change that increased the time period of Peck's incompetency.
 {¶ 6} The purpose of a nunc pro tunc order is to have the court's judgment reflect its true action. The power to enter a judgment nunc pro tunc is restricted to placing on the record evidence of judicial action which has actually been taken. Roth v. Roth (1989), 65 Ohio App.3d 768, paragraph one of the syllabus. A nunc pro tunc judgment cannot be used to change a prior judgment entry unless the earlier entry did not reflect what was actually decided by the court. Id. at 771. Nunc pro tunc judgments are employed to make the record speak the truth, and the function of such entries is the correction of judgments rendered, to the extent that they fail to record, or improperly record the judgment rendered by the court. State v. Coleman (1959), 110 Ohio App. 475,478-79. Thus, nunc pro tunc entries correct judicial errors, but are limited in proper use to reflecting what the court actually decided, not what the court should have decided or intended to decide. State ex rel.Litty v. Leskovyansky (1996), 77 Ohio St.3d 97, 100; State ex rel. Foglev. Steiner (1995), 74 Ohio St.3d 158, 163-164.
 {¶ 7} A nunc pro tunc judgment, in other words, is to be employed to correct clerical errors only. Through a nunc pro tunc order, the trial court may make a prior entry reflect its true judgment as long as the amendment does not alter the substance of the previous decision.
 {¶ 8} Here, although the trial court omitted the commencement date of Peck's incompetency in its June 21, 2002 judgment entry, it adopted the magistrate's findings from the May 10, 2002 hearing. In its June 21 entry, the trial court adopted the entire magistrate's decision with no modifications. Further, no additional testimony was taken between the time the magistrate conducted its May 10 hearing and the date the trial court issued its decision to show that Peck was incompetent on a different day. Therefore, the trial court was correcting an omission when it issued the September 23, 2003 nunc pro tunc entry to clarify the commencement date of Peck's incompetency. In our view, this change did not alter the substance of the June 21 decision. As such, the nunc pro tunc order was the proper vehicle for effectuating such a clarification. The court simply clarified that as of the May 10, 2002 hearing, when the magistrate heard the evidence, Peck was incompetent.
 {¶ 9} Moreover, "nunc pro tunc entries do not change the substance of the previous orders which reassigned the case from one judge to another due to recusal." See Doe v. Catholic Diocese of Cleveland,158 Ohio App.3d 49, 2004-Ohio-3470, ¶ 19. Thus, a different judge may have the authority to issue a nunc pro tunc even if he or she is not the judge that made the clerical error or omission.
 {¶ 10} We note that in her brief, appellant states that "the true motivation for opposing counsel submitting this [j]udgment [e]ntry for the [c]ourt's approval is to attack one of several arguments [a]ppellant is asserting in her * * * [c]omplaint for [a]nnulment * * *." Appellant then proceeds to refer to several other facts from the annulment action. However, when considering any argument raised on appeal, we are limited to considering only those matters found in the record. Volodkevich v.Volodkevich (1989), 48 Ohio App.3d 313, 314. Appellant has the duty to provide a reviewing court with a record of the facts and evidentiary matters which are necessary to support her assignments of error. Id. See, also, App.R. 9(B) and 10(A). In the absence of such evidence within the record, this court must presume the regularity of the proceedings below. Id.; Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 19-20.
 {¶ 11} The record before this court does not contain any stipulations or agreed statement of facts from the domestic relations case. This court cannot simply rely on an incomplete record. Therefore, in lieu of any stipulated facts or an App.R. 9(C) statement, we must presume regularity of the trial court's proceedings. See, e.g., Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197.
 {¶ 12} Appellant's lone assignment of error is not well-taken. The judgment of the Lake County Court of Common Pleas, Probate Division, is affirmed.
Nader, J., Ret., Eleventh Appellate District, sitting by assignment, concurs,
Grendell, J., dissents with Dissenting Opinion.
[1] Appellant stated that she was asserting that the incompetency commenced on June 21, 2002, and not before as the judgment entry was silent as to the commencement of the incompetency.
[2] We note that appellant refers to several facts from a complaint to annul her marriage to Peck that was allegedly filed by appellee as Peck's guardian in 2003, in the Lake County Court of Common Pleas, Domestic Relations Division. However, that case is not currently before us and the record from that matter is not contained in this matter. Hence, based on the record before us, we are unable to verify the facts appellant sets forth in her brief.