OPINION
{¶ 1} Appellant, Christine M. Seymour, appeals the November 14, 2002 judgment entry in which the Lake County Court of Common Pleas ordered nunc pro tunc that a paragraph be omitted from the August 10, 2000 judgment entry. In the August 10 entry, the trial court ordered that certain property be listed for sale at a public auction unless the sums due were paid in full within three days.
 {¶ 2} Appellee, the Lake County Treasurer, filed a complaint for real estate tax foreclosure pursuant to R.C. 5721.18 on June 11, 1998, against defendant, Richard Seymour, for property located at 6639 Swetland Road in Madison Township, Ohio ("the Swetland property"). Defendant, Geauga Savings Bank ("GSB"), along with defendants, Wilbur N. Ischie and Leo J. Talikka, filed answers to the complaint alleging that they had an interest in the Swetland property.[1] On July 9, 1998, GSB also filed a cross-claim against defendant, Bryce R.T. Seymour ("Bryce Seymour"), and appellant, who had formerly been married to Bryce Seymour.
 {¶ 3} On September 10, 1998, appellant filed an answer to GSB's cross-claim, and she filed a cross-claim against Richard Seymour and Bryce Seymour alleging that she was the holder of the mortgage on the Swetland property upon which $2,000 plus interest was owed, and that she was entitled to judgment in the amount of $68,918.10 plus interest from Richard Seymour and Bryce Seymour. She claimed that she was due this amount because upon her 1996 divorce from Bryce Seymour, he transferred the Swetland property to his father, Richard Seymour, for no value in an attempt to avoid paying appellant money he owed her as a result of the divorce. Appellant further prayed that a constructive trust be imposed upon Richard Seymour for her benefit and that any proceeds derived from the sale of the Swetland property be applied to the money that she was owed after the priority claims were paid through distribution.
 {¶ 4} Richard Seymour responded to the cross-claim, but Bryce Seymour did not. On October 29, 1998, appellee filed a motion for default judgment against Bryce Seymour, regarding the delinquent tax claim, which the trial court found was well-taken. Thereafter, on October 19, 1999, appellant filed a separate motion for default judgment against Bryce Seymour. The trial court granted appellant's motion for default judgment against Bryce Seymour on February 1, 2000. On June 20, 2000, appellant filed a notice of dismissal of her cross-claim against Richard Seymour. Subsequently, on August 10, 2000, the trial court issued a decree of foreclosure. In that decree, the trial court found that appellant had a valid and existing "lien of fifth priority for her judgment on a promissory note secured by a mortgage against [Bryce Seymour] dated November 7, 1996 and filed for record NOVEMBER 8, 1996, in the amount of $2,000.00 plus interest at the rate of 10% per annum from and after November 6, 1996, plus reimbursement of attorneys fees in the amount of $3,613.00 * * *." The trial court further stated in paragraph ten of that judgment entry:
 {¶ 5} "10. That after a review of the pleadings and other papers filed of record, the Court finds that [Bryce Seymour] transferred the subject premises to Richard Seymour to avoid [appellant] as a potential creditor, that said transfer was in violation of the mortgage in favor of [GSB] originally executed by [Bryce Seymour] and [appellant]."
 {¶ 6} In the August 10, 2000 entry, the trial court also ordered that the Swetland property be offered for sale at a public auction. Richard Seymour claimed that after he learned that the Swetland property was to be sold at a sheriff's sale, he refinanced the property and paid off all of the lienholders listed in the August 10 decree of foreclosure, including paying off the lien owed to appellant, but not the amount owed to appellant as a result of the constructive trust. As a result, the foreclosure sale in 2000, was canceled.
 {¶ 7} Appellant then filed an action for an order for sale on September 30, 2002. On November 6, 2002, Richard Seymour, through his guardian, filed an objection to the precipe for issue of an alias order of sale, which appellant filed on September 30, 2002. Thereafter, the trial court notified the sheriff to withdraw the Swetland property from sale with an indication that the sale was "Canceled per Objection." On November 14, 2002, the trial court issued a nunc pro tunc entry that omitted paragraph ten from the August 10, 2000 decree of foreclosure. It is from that entry that appellant timely filed the instant appeal and now assigns the following as error:
 {¶ 8} "[1.] The trial court erred in issuing its nunc pro tunc order of November 14, 2002.
 {¶ 9} "[2.] The trial court erred in instructing the sheriff to withdraw the Swetland property from sale."
 {¶ 10} Under the first assignment of error, appellant alleges that the trial court erred in issuing its November 14, 2002 nunc pro tunc order that modified the original August 10 judgment entry by omitting paragraph ten from it, which granted judgment in her favor on her fraudulent transfer and constructive trust claim.
 {¶ 11} The purpose of a nunc pro tunc order is to have the court's judgment reflect its true action. The power to enter a judgment nunc pro tunc is restricted to placing on the record evidence of judicial action which has actually been taken. Roth v. Roth (1989), 65 Ohio App.3d 768, paragraph one of the syllabus. A nunc pro tunc judgment cannot be used to change a prior judgment entry unless the earlier entry did not reflect what was actually decided by the court. Id. at 771. Nunc pro tunc judgments are employed to make the record speak the truth, and the function of such entries is the correction of judgments rendered, to the extent that they fail to record, or improperly record the judgment rendered by the court. State v. Coleman (1959), 110 Ohio App. 475,478-479. Therefore, nunc pro tunc entries correct judicial errors, but are limited in proper use to reflecting what the court actually decided, not what the court should have decided or intended to decide. State exrel. Litty v. Leskovyansky (1996), 77 Ohio St.3d 97, 100; State ex rel.Fogle v. Steiner (1995), 74 Ohio St.3d 158, 164.
 {¶ 12} A nunc pro tunc judgment, in other words, is to be employed to correct clerical errors only. Through a nunc pro tunc order, the trial court may make a prior entry reflect its true judgment as long as the amendment does not alter the substance of the previous decision.
 {¶ 13} In the present matter, the trial court omitted paragraph ten that was in the August 10, 2000 decree of foreclosure from its November 14, 2002 judgment entry. This change to the document was not merely clerical in nature. In fact, the amendment altered the substance of the August 10 decision. As such, the nunc pro tunc order of November 14, 2002, was not the proper vehicle for effectuating such an alteration. Furthermore, the nunc pro tunc order was issued twenty-seven months after the decree of foreclosure without any notice to the parties and without giving them an opportunity to be heard. Accordingly, appellant's first assignment of error is sustained.
 {¶ 14} Under the second assignment of error, appellant contends that the trial court erred in instructing the sheriff to withdraw the Swetland property from the November 12, 2002 order of sale.
 {¶ 15} Here, the sheriff's sale of the Swetland property, which was to take place on November 12, 2002, was advertised in The News-Herald for three consecutive weeks commencing on October 11, 2002.[2] Richard Seymour, through his guardian, filed his objection to the sale on November 6, 2002, and the subsequent sale was canceled. Appellant claims that the trial court erred in deciding on Richard Seymour's objection to the sale and canceling the sale of the Swetland property without offering her an opportunity to be heard. However, despite the fact that the sale was canceled, appellant was not stopped from filing a brief in opposition to Richard Seymour's objections and requesting a hearing. Then, if appellant had proved that the sale was proper, the trial court could have instructed the sheriff to place the property back up for sheriff's sale. Thus, we do not see where appellant was prejudiced, particularly since appellant had notice that Richard Seymour was objecting. Appellant filed the order for sale on September 30, 2002, and a copy of Richard Seymour's objections was sent to appellant via regular U.S. mail. Appellant's second assignment of error is without merit.
 {¶ 16} For the foregoing reasons, appellant's first assignment of error is well-taken, and appellant's second assignment of error is not well taken. Therefore, the judgment of the Lake County Court of Common Pleas is affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.
WILLIAM M. O'NEILL and CYNTHIA WESTCOTT RICE, JJ., concur.
[1] Those claims have been resolved and are not at issue in this appeal.
[2] This was the second sale that was scheduled because the first one had been canceled.