DECISION AND JOURNAL ENTRY
{¶ 1} Appellant Quality Mold, Inc. ("Quality Mold") appeals from decision of the Summit County Court of Common Pleas, granting summary judgment and awarding damages to MCC, Inc. dba Marshall Construction Co. ("Marshall"). This Court vacates the judgment of the trial court.
 I. {¶ 2} This matter arises out of a construction project for Quality Mold. The underlying action involves the application of, and compliance with, Ohio's prevailing wage law, R.C. 4115.03
through R.C. 4115.16, by various contractors on the project.
 {¶ 3} On February 4, 2002, the State of Ohio, Department of Commerce ("State"), initiated the present action by filing a complaint against NCM Plumbing Corporation ("NCM"), for violations of the prevailing wage law. There followed a myriad of third-party complaints, cross-claims, motions to dismiss, and motions for summary judgment.
 {¶ 4} NCM answered the original complaint and, by third-party complaint, joined Corporate Mechanical, Inc. ("Corporate Mechanical"), Marshall, and Quality Mold. On March 28, 2002, Marshall answered and cross-claimed against Quality Mold, asserting fraud, indemnification and contribution, third-party beneficiary, unjust enrichment, and money due on account. Marshall moved for summary judgment on these claims. Quality Mold then opposed Marshall's motion for summary judgment and moved for summary judgment on its own behalf against NCM.
 {¶ 5} Upon leave being granted on April 9, 2002, Crown Painting, intervened and cross-claimed against Marshall and Quality Mold.
 {¶ 6} On April 23, 2002, Corporate Mechanical answered NCM's third-party complaint and cross-claimed against Marshall and Quality Mold. On June 17, 2002, Quality Mold moved for summary judgment against Corporate Mechanical. On June 18, 2002, NCM moved for summary judgment against the State, Marshall, Corporate Mechanical, and Quality Mold. On July 26, 2002, Marshall voluntarily dismissed a portion of its claim against Quality Mold.
 {¶ 7} On March 14, 2003, the trial judge entered an order, captioned "Stipulation of Partial Dismissal," and stated as follows:
"The parties stipulate that the complaint of the Plaintiff and cross-claims and third party complaints in the within matter that have not already been dismissed, are hereby dismissed with prejudice, excepting the cross-claims of Crown Painting and the cross-claims of [Marshall] relating to the Crown Paintingcross-claim and cross-claims of Quality Mold, Inc." (Emphasis added.)
 {¶ 8} The trial court further indicated that there was no just reason for delay, and that the order was a final and appealable judgment.
 {¶ 9} More than two months later, on June 23, 2003, the trial court attempted to grant Marshall's motion for summary judgment against Quality Mold on three of its claims, and denied summary judgment as to the remaining two claims. It is from this order that the present appeal has been taken.
 {¶ 10} Thereafter, on August 4, 2003, the trial court issued an entry seeking to amend the March 14, 2003 order, "Nunc Pro Tunc," by deleting the language "relating to the Crown Painting cross-claim."
 {¶ 11} On December 1, 2003, the trial court awarded damages to Marshall in regard to its order granting partial summary judgment to Marshall against Quality Mold.
 {¶ 12} On December 29, 2003, Quality Mold filed a notice of appeal from the June 23, 2003 order granting summary judgment to Marshall, and the December 1, 2003 order awarding damages. Quality Mold assigns two errors for review.
 II. First Assignment of Error
"The trial court erred in ruling that Quality Mold, Inc. owed any money to [Marshall] when the case had been settled and dismissed pursuant to order of the court."
 {¶ 13} Through this assignment of error, Quality Mold asserts that the March 14, 2003 order was final and appealable as to all parties and claims, subject to limited exceptions which did not
include Marshall's cross-claim against Quality Mold. Because the nunc pro tunc entry would create a substantive change by reinstituting Marshall's cross-claim against Quality Mold, Quality Mold contends the nunc pro tunc entry was erroneously entered. Consequently, Quality Mold asserts that the order of the trial court purporting to grant summary judgment to Marshall is a nullity.
 {¶ 14} Marshall, on the other hand, contends that the nunc pro tunc entry merely corrected a clerical error in that Marshall did not have a cross-claim against Crown, but only against Quality Mold.
 {¶ 15} In the present case, Marshall's motion for summary judgment against Quality Mold — the basis of the order from which Quality Mold appeals — stemmed from Marshall's cross-claim against Quality Mold. The trial court's order of March 14, 2003 dismissed all cross-claims and third party complaints that had not already been dismissed, with the specific exceptions of "cross-claims of Crown Painting and the cross-claims of [Marshall] relating to the Crown Painting cross-claim and cross-claims of Quality Mold[.]" This order, as it stands, appears to determine the cross-claim of Marshall against Quality Mold. Eliminating the language "relating to the Crown Painting cross-claim" through the nunc pro tunc entry, nearly five months after the final appealable order of March 14, 2003, would substantively alter the initial order by permitting Marshall's cross-claim against Quality Mold to remain pending, and also permit the orders regarding summary judgment. For the reasons which follow, this Court concludes that the trial court lacked authority to issue the nunc pro tunc entry, and that the orders of the trial court granting summary judgment and awarding damages to Marshall must be vacated.
 {¶ 16} Courts possess inherent authority to correct errors in judgment entries so that the record "speaks the truth." State exrel. Fogle v. Steiner (1995), 74 Ohio St.3d 158, 164. This power is limited to "placing upon the record evidence of judicial action which has been actually taken, and can be exercised only to supply omissions in the exercise of functions that areclerical merely." (Emphasis added.) Helle v. Public UtilitiesComm. of Ohio (1928), 118 Ohio St. 434, paragraph three of the syllabus. A nunc pro tunc entry may not be utilized to indicate "what the court might or should have decided or what the court intended to decide." Fogle, 74 Ohio St. at 164.
 {¶ 17} A nunc pro tunc entry is inappropriate when it reflects a substantive change in the judgment. State ex rel.Litty v. Leskovyansky (1996), 77 Ohio St.3d 97, 100. Where a nunc pro tunc order reestablishes jurisdiction in the trial court, it has been found to be "not a clerical mistake but rather a substantive change." State ex rel. Northpoint Properties, Inc.v. Markus, 8th Dist. No. 82848, 2003-Ohio-5252, at ¶ 30. The trial judge's August 4, 2004 entry in the present case does not reflect the correction of a mere mechanical error, but rather a legal decision or judgment and serves to revive a judgment.
 {¶ 18} The trial court will, therefore, lack authority to enter a nunc pro tunc order that fails to reflect what the court had previously actually decided. Litty, 77 Ohio St.3d at 100. See, also, State ex rel. Phillips v. Industrial Comm. of Ohio
(1927), 116 Ohio St. 261, 264-65 (trial court is without authority to render an additional judgment). When a court exceeds its power in entering a nunc pro tunc order, such order is invalid. National Life Ins. Co. v. Kohn (1937),133 Ohio St. 111, paragraph three of the syllabus.
 {¶ 19} Furthermore, the power of a court to enter nunc pro tunc orders should be exercised upon evidence which shows "clearly and convincingly" that such former action was in fact taken. Jacks v. Adamson (1897), 56 Ohio St. 397, syllabus. There must be "such convincing evidence as to exclude all conjecture." Id. at 404. Such evidence does not exist in the present case.
 {¶ 20} Likewise, "Civ.R. 60(A) permits a trial court, in its discretion, to correct clerical mistakes which are apparent on the record, but does not authorize a trial court to make substantive changes in judgments." Litty, 77 Ohio St.3d at 100. A "clerical mistake" will refer only to a mistake or omission that is mechanical in nature and apparent on the record; it will not involve a legal decision or judgment. Id.
 {¶ 21} Civ.R. 60(A) provides that such mistakes may be corrected "at any time" before an appeal is docketed in the appellate court. Such corrections may only be made thereafter with the leave of the appellate court. Id. Similarly, this Court has found that clerical errors are properly corrected pursuant to Civ.R. 60(A) before the notice of appeal must be filed. Londricov. Delores C. Knowlton, Inc. (1993), 88 Ohio App.3d 282, 286. The nunc pro tunc entry in the present case was filed nearly five months after the final appealable order it purported to change.
 {¶ 22} The result of this sequence of events would be to circumvent the jurisdictional time limits of App.R. 4 which require a notice of appeal in a civil case to be filed with the clerk of the trial court within 30 days of the date of entry of the judgment or order appealed from. Donofrio v. Amerisure Ins.Co. (1990), 67 Ohio App.3d 272, 274.
 {¶ 23} Insofar as the trial court attempted to alter a matter that was previously decided by it, and was journalized after the appeal time from the March 14, 2003 order had expired, this Court finds that the August 4, 2003 nunc pro tunc order was erroneously entered. That being so, the orders of the trial court granting summary judgment and awarding damages to Marshall must be vacated. The first assignment of error is sustained.
 Second Assignment of Error
"The trial court erred in granting summary judgment."
 {¶ 24} The second assignment of error is rendered moot and will not be addressed. App.R. 12(A)(1)(c).
 III. {¶ 25} The first assignment of error is sustained. The second assignment of error is rendered moot. The judgment of the Summit County Court of Common Pleas, granting summary judgment and awarding damages to Marshall are vacated.
Judgment vacated, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Exceptions.
Slaby, J., Whitmore, J., concur.