DECISION AND JOURNAL ENTRY
{¶ 1} This matter is before this Court on appeal from an order of the Summit County Common Pleas Court which amended a final judgment of the report and award of arbitrators nunc pro tunc to include appellant Mark Figetakis ("Figetakis") as liable on the judgment individually. For the following reasons, this Court finds that the trial court abused its discretion in amending the final judgment nunc pro tunc to include appellant. This Court also finds that the trial court abused its discretion in vacating an earlier judgment which permitted the case to proceed against appellant individually.
 I. {¶ 2} The procedural history of this case is not in dispute. Appellee Business Data Systems, Inc. ("Business Data") originally filed suit in Akron Municipal Court against Gourmet Café Corporation ("Gourmet Café") and appellant Mark Figetakis ("Figetakis") for breach of lease by Gourmet Café. The complaint against appellant was based on his guarantee of that lease in his individual capacity.
 {¶ 3} Gourmet Café and Figetakis counterclaimed against appellee in an amount in excess of the municipal court's jurisdiction and the case was transferred to the Summit County Common Pleas Court.
 {¶ 4} On January 16, 2003, the trial court assigned the case to three arbitrators pursuant to S.C.C. Loc.R. 10. On April 17, 2003, the arbitrators filed their report. They found for appellee in the amount of $9,050.60. In the arbitrators' report and award, the arbitrators entitled the case "Business Data Systems, Inc. vs. Gourmet Café Corporation" and, with regard to the award, stated: "Find for the Plaintiff on Defendant's counterclaim. Costs to the Defendant."
 {¶ 5} Appellant argues that this establishes that only one defendant — Business Data — and not appellant, was found liable under the lease. None of the parties, including appellant, appealed the report and award within 30 days as required by S.C.C. Loc.R. 10.17(A).[1]
 {¶ 6} On May 29, 2003, the court issued a final judgment entry ordering that the report and award of the arbitrators had become the final judgment of the court.
 {¶ 7} On August 4, 2003, appellee obtained a certificate of judgment lien and began supplemental proceedings via debtor's examination against appellant.
 {¶ 8} Appellant moved the court on both August 18, 2003, and September 29, 2003, to dismiss the action against him, because there was no judgment against him.
 {¶ 9} On October 15, 2003, after a conference with the parties, the court found that there was no judgment against appellant and that the case still pending against him should proceed.
 {¶ 10} On October 27, 2003, appellant moved for reconsideration of the court's order purportedly under Civ.R. 59(E) and requested the court to find that appellant should be dismissed from the suit because the court's May 29, 2003 order was final. Consequently, appellant argued that the court had no jurisdiction to find that appellee's lawsuit was pending against him.
 {¶ 11} On October 29, 2003, appellee filed a motion for relief from judgment and an order nunc pro tunc pursuant to Civ.R. 60(A) and (B) to include the appellant within the final judgment entered on May 29, 2003. In the alternative, appellee requested an order referring the matter back to arbitration. Appellee attached the affidavits of the three arbitrators who stated that they also intended to grant judgment against appellant personally.
 {¶ 12} On November 7, 2003, appellant moved to strike the affidavits on the grounds that a final judgment had been entered on May 29, 2003, and that the judgment was solely against Gourmet Café.
 {¶ 13} On November 25, 2003, the case was transferred to another trial court.
 {¶ 14} On April 8, 2004, the new trial court held that the arbitrators' award was also against appellant in his individual capacity. The trial court entered a nunc pro tunc order including appellant within the arbitrators' earlier award. The court also vacated the prior court's ruling that the case could proceed against appellant individually.
 {¶ 15} On April 12, 2004, appellant moved for reconsideration and relief from judgment, pursuant to Civ.R. 60(B). In this motion, appellant claimed he was seriously prejudiced by the court's nunc pro tunc order entering judgment against him, because he had been denied the right to appeal.
 {¶ 16} On April 27, 2004, the trial court denied appellant's 60(B) motion. The court held that relief under Civ.R. 60(B) was not warranted, because appellant's decision not to appeal from the arbitrators' report and award was a judgment which resulted from his deliberate action and informed choice. Further, the court found that relief was not warranted, because the error resulted from appellant's inexcusable neglect.
 {¶ 17} Appellant timely appealed and has raised four assignments of error.
 II. ASSIGNMENT OF ERROR I
"The trial court (Unruh, J.) erred in amending nunc pro tunc the final judgment of May 29, 2003 to hold that the report and award of arbitrators was against both gourmet café corporation and Mark Figetakis individually."
 {¶ 18} Appellant argues that the trial court erred in amending the May 29, 2003 final judgment adopting the arbitrators' report and award. Appellant contends that the court could not correct the judgment to include him, because this is not the type of "clerical mistake" which Civ.R. 60(A) encompasses. Further, appellant argues that including him within the judgment retroactively deprives him of the substantial right to appeal.
 {¶ 19} Appellee argues that the trial court did not abuse its discretion in correcting the mistake under Civ.R. 60(A), because it based its decision on the assertions of the arbitrators, who unanimously stated that their award was intended to be against both defendants.
 {¶ 20} The issue in this case is whether Civ.R. 60(A) permits a court to correct a judgment nunc pro tunc by an arbitration panel to include a defendant [appellant] in that adverse judgment when the arbitrators' judgment does not include that defendant, but the undisputed evidence submitted in the case establishes that the arbitrators in fact intended to enter judgment against him.
 {¶ 21} Civ.R. 60(A) provides in relevant part:
"Clerical mistakes. Clerical mistake in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders."
 {¶ 22} The trial court held that the arbitrators' report and award was in favor of appellee and against both Gourmet Café and appellant. The court issued a nunc pro tunc order including defendant in the terms of the judgment.
 {¶ 23} This Court reviews a trial court's Civ.R. 60 ruling under an abuse of discretion standard. Hall v. Paragon Steakhouse (July 26, 2000), 9th Dist. No 99CA007443. An abuse of discretion is more than an error of judgment. Rather, it involves "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd.
(1993), 66 Ohio St.3d 619, 621. When applying an abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. S. Ohio Coal Co. v. Kidney (1995), 100 Ohio App.3d 661,667.
 {¶ 24} This Court has set forth the well-established requirements needed to issue a proper nunc pro tunc order under Rule 60(A). This Court previously held that Civ.R. 60(A) only permits a trial court "to correct clerical mistakes which are apparent on the record, but does not authorize a trial court to make substantive changes in judgments." OhioDOC v. NCM Plumbing Corp., 9th Dist. No. 21878, 2004-Ohio-4322, citingState ex rel. Litty v. Leskovyansky (1996), 77 Ohio St.3d 97, 100. A "clerical mistake" refers only to mistakes or omissions that are mechanical in nature and apparent on the record, and that do not involve a legal decision or judgment. Id.
 {¶ 25} In Ohio DOC, the State of Ohio brought suit against NCM Plumbing Corporation ("NCM") for violations of the prevailing wage law by various contractors on a construction project for Quality Mold. A myriad of counterclaims, cross-claims and third-party claims arose as a result. The trial court dismissed most claims pursuant to the parties' stipulation. Over four months later, the trial court entered a nunc pro tunc order that permitted one company's claims to remain pending. On appeal, this Court held that the trial court lacked authority to issue a nunc pro tunc order, because reviving the claims of the company was not the correction of a mere mechanical error, but was in fact a legal decision.
 {¶ 26} Likewise, this Court has held that a court "possess[es] inherent authority to correct errors in judgment entries in order for the record to speak the truth." State v. Senz, 9th Dist. No. 02CA0016, 2002-Ohio-6464, at ¶ 12, citing State ex rel. Fogle v. Steiner,74 Ohio St.3d 158, 163-164, 1995-Ohio-278. This Court continued that the purpose of a nunc pro tunc entry is "to make the record reflect the truth." Senz at ¶ 12, citing Reinbolt v. Reinbolt (1925),112 Ohio St. 526, 532.
 {¶ 27} The Senz court stated, however, that a nunc pro tunc order is not for the purpose of correcting or modifying an existing judgment, but is for the purpose of making the record conform to that which has already occurred. Senz at ¶ 12, citing State ex rel. Phillips v. Indus. Comm.
(1927), 116 Ohio St. 261, 264. Nunc pro tunc orders are properly limited to reflecting what the court actually decided, "not what the court might or should have decided or what the court intended to decide." Senz at ¶ 12, citing Fogle, 74 Ohio St.3d at 163-164. See, also, Ferraro v. B.F.Goodrich Co., 149 Ohio App.3d 301, 2002-Ohio-4398. A nunc pro tunc entry may not be used to reflect a substantive change in the judgment.Litty, 77 Ohio St.3d at 100.
 {¶ 28} In Senz, defendant Senz was charged with a number of driving offenses. He failed to appear for trial several times and a warrant was issued for his arrest. Mr. Mantsch of A. A. Quick Release posted bond on Senz' behalf from Bankers Insurance Company. Senz failed to appear for trial, and a bench warrant was issued for his arrest. The court ordered the forfeiture of the bond and entered judgment against Quick Release. Mantsch appealed from that order, but this Court dismissed the appeal for lack of standing and/or lack of a final appealable order.
 {¶ 29} Thereafter, Mantsch, Quick Release, and a representative of Quick Release moved to vacate the judgment and set aside the judgment against Quick Release on the grounds that the judgment was void as a matter of law, because it was entered against a nonentity. The trial court entered a nunc pro tunc judgment entry stating that the earlier judgment should include Bankers Insurance Company.
 {¶ 30} On appeal, this Court held that the trial court's nunc pro tunc order was improper, because it was a substantive change against another party and not an entry merely reflecting what previously occurred in the court. Senz at ¶ 13. See, also, Lamb v. Summit Mall, 9th Dist. No. 20011, holding that when the trial court discovers that the record does not correctly reflect its actions, "`it is elementary that courts possess inherent common-law power to enter judgments or orders nunc pro tunc in proper cases.'"[2] (Citations omitted.)
 {¶ 31} The last case, and the one factually closest to the one at bar, is Mercantile Sav. Bank v. G M Bolivar Assoc. (Sept 14, 1995), 8th Dist. No. 68373. In Mercantile, the court entered an order finding a partnership liable on a note to a bank and the Federal Deposit Insurance Company ("F.D.I.C."). The court also released four partners from individual liability on the grounds that an officer of the predecessor in interest to the bank perpetrated fraud. No appeal was taken from the court's order.
 {¶ 32} The F.D.I.C. began proceedings to collect on the judgment against the partnership and the partners. The partners filed a motion with the court for a nunc pro tunc order to clarify the trial court's order with respect to their liability.
 {¶ 33} The trial court issued a nunc pro tunc order stating that the partners were not liable either as individuals or as partners. The F.D.I.C. appealed from the trial court's nunc pro tunc order.
 {¶ 34} On appeal, the Eighth District reversed the trial court's nunc pro tunc order. The Eighth District held that a trial court has no authority to issue a nunc pro tunc order which substantively changes the rights and liabilities of the parties. The court stated that the purpose of a nunc pro tunc order is limited to placing upon the record evidence of judicial action which was actually taken, such as supplying omissions in the judgment entry or correcting clerical errors. The court made this finding despite the partners' contention that the trial court was merely clarifying, not modifying, its earlier order.
 {¶ 35} In the case at bar, it is clear that the trial court's nunc pro tunc order is not merely addressing a clerical error. The court had to consider the evidence submitted by appellee to determine the merits of the parties' positions. See, Litty, wherein the judge considered a then-pending affidavit of disqualification in issuing a nunc pro tunc order.[3]
 {¶ 36} Further, despite the fact that it may have been the arbitrators' intent to render judgment against appellant individually, they failed to do so in their report. A claim that a nunc pro tunc order is merely clarifying a prior judgment does not alter the fact that a substantive change has been made in the judgment. In Reynolds v.Reynolds (Dec.8, 2000), 11th Dist. No. 2000-A-0006, the Eleventh District noted that a nunc pro tunc entry was an attempt by the trial court to clarify its intentions regarding a final divorce decree. The Eleventh District found this was an improper use of a nunc pro tunc order. It held that nunc pro tunc orders were limited to reflecting what the court actually decided, not what the court intended to decide. Consequently, in this case, the fact that the arbitrators intended to hold appellant liable, but failed to do so, does not constitute a proper grounds for a nunc pro tunc order under Civ.R. 60(A).
 {¶ 37} Changing a party's liability on a judgment is clearly a substantive change in the parties' rights and not merely the correction of a clerical error. As such, it was improper and an abuse of its discretion for the trial court to have entered a nunc pro tunc order including appellant on the judgment for personal liability. Appellant's first assignment of error is sustained.
 ASSIGNMENT OF ERROR II
"The trial court erred in declining to hold, pursuant to R.C. § 2711.13, that the May 29, 2003 judgment had become a final, unalterable judgment after three months that could not be modified pursuant to civ.r. 60(b) because the court lacked subject matter jurisdiction."
 {¶ 38} R.C. 2711.01 provides:
"(A) A provision in any written contract, except as provided in division (B) of this section, to settle by arbitration a controversy that subsequently arises out of the contract, or out of the refusal to perform the whole or any part of the contract, or any agreement in writing between two or more persons to submit to arbitration any controversy existing between them at the time of the agreement to submit, or arising after the agreement to submit, from a relationship then existing between them or that they simultaneously create, shall be valid, irrevocable, and enforceable, except upon grounds that exist at law or in equity for the revocation of any contract."
 {¶ 39} Appellant argues that the trial court erred when it failed to apply the three-month appeal time limit contained in R.C. 2711.13 to arbitration awards made under the above-cited R.C. 2711.01. However, appellant has failed to cite any arbitration provision contained in its contract with appellee to which these sections might apply.
 {¶ 40} Despite the lack of an arbitration provision, appellant urges this Court to adopt R.C. 2711.13 for cases which do not fall under the specific terms of R.C. 2711.01. There are provisions contained in both S.C.C. Loc.R. 10 and Sup.R. 15 which set forth the guidelines for arbitration outside the scope of R.C. 2711.01, et seq. The trial court is bound by these rules. This Court declines to apply R.C. 2711.01, et seq. to cases for which the statute clearly does not apply. Appellant's second assignment of error is without merit and is overruled.
 ASSIGNMENT OF ERROR III
"The trial court (Unruh J.), assuming it had subject matter jurisdiction, erred in vacating judge murphy's order of October 15, 2003."
 {¶ 41} Appellant argues that the trial court erred in vacating another trial court's earlier judgment reinstating the action against appellant. This Court agrees.
 {¶ 42} In this case, when another trial court discovered that the arbitrators' award did not include appellant though the arbitrators intended to find appellant liable, that court reinstated the action against appellant. Thereafter, the trial court vacated this judgment and entered a nunc pro tunc order against appellant.
 {¶ 43} As addressed in regard to appellant's first assignment of error, the trial court abused its discretion in entering a nunc pro tunc judgment against appellant. A nunc pro tunc order was not the proper avenue to correct the failure of the arbitrators to enter judgment against appellant. The proper avenue was to allow the matter to proceed against appellant. The trial court should not have vacated this order. Appellant's third assignment of error is sustained.
 ASSIGNMENT OF ERROR IV
"The trial court erred in overruling defendant mark Figetakis' Civ. R. 60(B) motion."
 {¶ 44} After the trial court vacated another trial court's earlier judgment reinstating the proceeding against appellant and confirmed the other trial court's final judgment of the arbitrators, appellant moved the court for reconsideration and relief from judgment pursuant to Civ.R. 60(B). The trial court denied the motion on the grounds that appellant did not exercise due diligence. The court found that appellant was served with all orders and judgments in the case and should have appealed from the arbitrators' award. It found that appellant had exercised inexcusable neglect.
 {¶ 45} This Court finds that the trial court abused its discretion in failing to grant the reconsideration. Appellant could not have exercised inexcusable neglect in failing to appeal, when there was no judgment against him from which to appeal. Appellant's fourth assignment of error is sustained.
 III. {¶ 46} For the foregoing reasons, this Court finds that the trial court abused its discretion in amending a final judgment of the report and award of arbitrators nunc pro tunc to include appellant as individually liable on the judgment. The trial court also abused its discretion in vacating an earlier judgment of another trial court reinstating the proceeding against appellant. The trial court's nunc pro tunc order is vacated.
Judgment reversed and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of
Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellee.
Exceptions.
Batchelder, J. Boyle, J. concur
[1] S.C.C. Loc.R. 10.17(A) states: "Any party may appeal an award of the Board of Arbitration to the Common Pleas Court of Summit County, if within thirty days (30) after filing of the award with the Clerk, the party does both of the following: (1) Files a notice of appeal with the Clerk and serves a copy on the adverse party of parties and assigned judge accompanied by an affidavit that the appeal is not being taken for delay. The affidavit accompanying the notice of appeal shall be signed by the appealing party or counsel for the appealing party. The appellant's notice of appeal shall be accompanied by an appeal fee of Fifty Dollars ($50.00), payable to the Clerk. (2) Reimburses the Clerk for all fees paid to the arbitrators in the case. The sum so paid shall not be taxed as costs in the case and shall not be recoverable by the appellant in any proceeding."
[2] See, also, Lake Cty. Treasurer v. Parcels of Land Encumbered withTax Liens, 11th Dist. No. 2002-L-175, 2003-Ohio-6243. The trial court omitted a paragraph that was in a foreclosure decree. The Eleventh District held that the court could not change the decree, because adding the paragraph was not merely clerical in nature; rather, it altered the substance of the foreclosure decree.
[3] See, also, Thurston v. Thurston, 10th Dist. No. 02AP-555, 2002-Ohio-6746. Evidence was needed to determine the scope of the magistrate's decision regarding dates of arrearages and included both evidence presented to the magistrate and evidence presented after the magistrate's decision. Under these circumstances, the Tenth District found that nunc pro tunc order under Civ.R. 60(A) was not appropriate;Allied Erecting Dismantling Co. v. Uneco Realty Co.,146 Ohio App.3d 136, 2001-Ohio-3387. Because it had to "figure out" if a party was to pay based upon a stipulation, the court could not be said to have "mistakenly" left an award out of the judgment entry and a nuncpro tunc order was not appropriate; Oliver v. Krutowsky (May 12, 1999), 9th Dist. No. 19271. The trial court entered a default judgment as to both liability and the amount of damages and party moved to set aside the judgment pursuant to Civ.R. 60(B). The court denied the Civ.R. 60(B) motion, but scheduled a hearing on damages. On appeal, this Court held that, because the court's second judgment required a hearing on the amount of damages, the second judgment was a substantive change from the court's prior default judgment. Consequently, the court was without authority to change its prior final order.