[Cite as *Kenney v. Carroll*, 2018-Ohio-1882.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

ROBERT J. KENNEY

    Appellee

    v.

HEIDI R. CARROLL

    Appellant

C.A. No.    17CA0042-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    09DR0598

DECISION AND JOURNAL ENTRY

Dated: May 14, 2018

CALLAHAN, Judge.

{¶1} Heidi Carroll ("Mother") appeals from a "nunc pro [t]unc" judgment entry[1] issued by the Medina County Common Pleas Court, Domestic Relations Division, following this Court's decision in her prior appeal. (Emphasis deleted.) This Court reverses.

I.

{¶2} Mother and Robert Kenney ("Father") had a short marriage during which one child was born. This appeal concerns the trial court's actions with respect to Father's child support obligation. The parties' divorce decree ordered Father to pay child support to Mother in the amount of $1,268.17 per month effective November 1, 2010.

---

[1] In Mother's notice of appeal, she states that she is appealing from two judgments entered on May 3, 2017. The second judgment entry denied her motion to recuse the trial court judge. Mother, however, has not assigned any error to that entry. Therefore, this Court will not address the second judgment entry.

**{¶3}** The parties filed numerous post-decree motions which were heard by a magistrate. On October 22, 2013, the magistrate issued a decision, which the trial court adopted that same day. Father's child support obligation was increased to $1,531.62 per month effective January 1, 2012. As summarized in the prior appeal:

> Thereafter, Mother filed objections to the magistrate's decision and an appeal from the trial court's order adopting the magistrate's decision. Father also filed a motion for clarification and/or objection to the magistrate's decision. While Mother's appeal was pending, Father requested this Court to remand the matter for the trial court to rule upon the objections. This Court issued the remand pursuant to App.R. 4(B). On November 5, 2015, the trial court overruled Mother's objections, except insofar as it modified the October 22, 2013 order adopting the magistrate's decision to clarify the parenting time schedule. The trial court sustained Father's objection to the child support obligation, and it recalculated his obligation for the years 2012 and 2013. Mother filed an appeal from the November 5, 2015 order, and we consolidated the 2013 and 2015 appeals.

*Kenney v. Carroll*, 9th Dist. Medina Nos. 13CA0090-M, 15CA0102-M, 2017-Ohio-354, ¶ 5. The November 5, 2015 entry set Father's monthly child support obligation at $1,003.26 effective January 1, 2012.

**{¶4}** In Mother's prior appeal, she raised five assignments of error, one of which concerned child support. *Id.* at ¶ 5, 25. This Court overruled four of Mother's assigned errors, but sustained, in part, her assignment of error relating to child support. *Id.* at ¶ 43. More particularly, this Court "affirmed [the trial court's judgment] except to the extent that [it] recalculated child support using a $150,000 income limit. To the extent that it did so, the trial court's judgment is vacated, and this matter is remanded for the trial court to recalculate child support consistent with this decision." *Id.*

**{¶5}** The trial court subsequently issued the "*NUNC PRO [T]UNC* JUDGMENT ENTRY" that is the subject of the current appeal. (Emphasis sic.) The trial court stated that this Court had "affirmed th[e trial c]ourt and overruled the parties' objections." This statement is

inaccurate as this Court "affirm[ed] in part, vacat[ed] in part, and remand[ed] this matter to the trial court." *Id.* at ¶ 1. In addition, this Court did not "overrule[] the parties' objections." Rather, we overruled most of Mother's assignments of error, but sustained one assignment of error in part. *Compare* Civ.R. 53(D)(4)(d) *with* App.R. 12(A)(1)(b) (a trial court rules on objections; an appellate court addresses assignments of error). The trial court further mischaracterized this Court's decision, stating that we "remanded the case *sua sponte* for further analysis on the calculation of child support where the combined incomes of the parties exceed $150,000." (Emphasis sic.) Contrary to the trial court's assertion, this Court did not sua sponte raise the issue regarding calculating child support where the parties' income exceeded $150,000. Rather, Mother had argued in the prior appeal that the trial court erred "in recalculating the child support amount with a $150,000 limit." *Kenney* at ¶ 25.

{¶6} In its "nunc pro [t]unc" entry, the trial court again set Father's support obligation at $1,003.26 per month. (Emphasis deleted.) To support its determination, the court added additional child support worksheets and analysis. Mother appeals, raising three assignments of error.

II.

**ASSIGNMENT OF ERROR NO. 1**

FOLLOWING REMAND FROM THE OHIO NINTH DISTRICT COURT OF APPEALS, THE DOMESTIC RELATIONS COURT ERRED BY FILING A 'NUNC PRO [T]UNC' [ ] JUDGMENT ENTRY, IN WHICH THE COURT CLEARLY AND ADMITTEDLY MADE SUBSTANTIVE CHANGES TO ITS PREVIOUS JUDGMENT ENTRY, FILED ON NOVEMBER 5, 2015, INSTEAD OF HOLDING A HEARING AND/OR ISSUING A NEW JUDGMENT ENTRY.

**{¶7}** In her first assignment of error, Mother argues that the trial court improperly used a nunc pro tunc judgment entry to make substantive changes to its November 5, 2015 judgment entry. This Court agrees.

**{¶8}** "'Nunc pro tunc' means 'now for then.'" *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, ¶ 19, quoting *Black's Law Dictionary* 1174 (9th Ed.2009). Courts have inherent authority to issue nunc pro tunc entries "so that the record speaks the truth," but that authority is limited "to reflecting what the court actually decided, not what the court might or should have decided or what the court intended to decide." *State ex rel. Fogle v. Steiner*, 74 Ohio St.3d 158, 163-164 (1995). "Errors subject to correction by the court include a clerical error, mistake, or omission that is mechanical in nature and apparent on the record and does not involve a legal decision or judgment." *Lester* at ¶ 18. "[A] nunc pro tunc order is not for the purpose of correcting or modifying an existing judgment, but is for the purpose of making the record conform to that which has already occurred." *Business Data Sys. v. Gourmet Cafe Corp.*, 9th Dist. Summit No. 22096, 2005-Ohio-4, ¶ 27. "A nunc pro tunc entry is inappropriate when it reflects a substantive change in the judgment." *Ohio Dept. of Commerce v. NCM Plumbing Corp.*, 9th Dist. Summit No. 21878, 2004-Ohio-4322, ¶ 17.

**{¶9}** In the present matter, the trial court explicitly stated that it was making "[s]ubstantive changes" in response to this Court's prior remand. (Emphasis deleted.) The trial court's discussion of the child support issue in its November 5, 2015 entry referenced four child support worksheets and the change in circumstances requirement of R.C. 3119.79. In its May 3, 2017 entry, the trial court added three additional child support worksheets and nine pages of analysis. Within its analysis, the trial court added case law and a discussion of R.C. 3119.04(B), which is the statute that applies when "the combined gross income of both parents is greater than

one hundred fifty thousand dollars per year." The court did not simply correct a clerical error; rather, it considered additional matters and conducted a new analysis. *See Business Data Sys.*, 2005-Ohio-4, at ¶ 35 (court was not addressing a clerical error where it considered new evidence).

{¶10} Father concedes "it was an error for the trial court to label the May 3, 2017 [entry] as a nunc pro tunc," but he contends the error was harmless. According to Father, "the trial court still substantively reached the same correct result even though it was labeled wrong." Contrary to Father's contentions, the trial court did not simply make a "labeling" error. Within the May 3, 2017 entry, the trial court explicitly states that it is making "[s]ubstantive changes" and "[a]ny changes to this entry relate back, nunc pro tunc to the November 5, 2015 Judgment Entry." (Emphasis deleted.) Such a modification of a judgment to reflect what the court "subsequently determined it *should* have decided or *intended* to decide * * * does not constitute a proper nunc pro tunc order." (Emphasis sic.) *See U.S. Bank v. Schubert*, 9th Dist. Lorain No. 13CA010462, 2014-Ohio-3868, ¶ 12. When, as here, a court "enter[s] a purported 'nunc pro tunc' that actually determines issues not previously decided, [] the court's order is invalid." *See Wertz v. Tomasik*, 9th Dist. Summit No. 24013, 2008-Ohio-2965, ¶ 16.

{¶11} Mother's first assignment of error is sustained.

### ASSIGNMENT OF ERROR NO. 2

THE DOMESTIC RELATIONS COURT ERRED AND VIOLATED THE LAW-OF-THE-CASE DOCTRINE, WHERE IT FAILED TO COMPLY WITH THE MANDATE OF THE OHIO NINTH DISTRICT COURT OF APPEALS TO RECALCULATE CHILD SUPPORT FOR THE PARTIES IN 2011, 2012, 2013 AND FORWARD WITHOUT UTILIZATION OF THE $150,000 INCOME LIMITATION.

## ASSIGNMENT OF ERROR NO. 3

THE DOMESTIC RELATIONS COURT ERRED AND ABUSED ITS DISCRETION BY DECLINING TO ORDER THAT THE APPELLEE-FATHER'S CHILD SUPPORT OBLIGATION FOR THE 2012 AND 2013 CALENDAR YEARS AND FORWARD BE SET IN ACCORDANCE WITH THE COURT'S CHILD SUPPORT WORKSHEET RECALCULATIONS FOLLOWING REMAND, WHERE THERE WAS NO AGREEMENT BY THE PARTIES TO CAP THE CHILD SUPPORT OBLIGATION FOR COMBINED GROSS INCOMES GREATER THAN $150,000 AT THE $150,000 INCOME LIMIT.

**{¶12}** In her second and third assignments of error, Mother challenges determinations made by the trial court within its nunc pro tunc judgment entry. In light of this Court's disposition of Mother's first assignment of error, these assignments of error are moot, and we decline to address them. *See Berthelot v. Berthelot*, 9th Dist. Summit No. 23561, 2007-Ohio-3884, ¶ 15, citing App.R. 12(A)(1)(c).

### III.

**{¶13}** Mother's first assignment of error is sustained. Her second and third assignments of error are moot. The judgment of the Medina County Common Pleas Court, Domestic Relations Division, is reversed and this matter is remanded with instructions to vacate the May 3, 2017 nunc pro tunc judgment entry and to calculate child support in accordance with this Court's prior decision in *Kenney*, 2017-Ohio-354.

Judgment reversed
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
LYNNE S. CALLAHAN
FOR THE COURT

SCHAFER, P. J.
CARR, J.
CONCUR.


APPEARANCES:

JOSEPH F. SALZGEBER, Attorney at Law, for Appellant.

STEPHEN P. HANUDEL, Attorney at Law, for Appellee.