[Cite as *State v. McCullum*, 2019-Ohio-2608.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO

    Appellee

    v.

HOLLY MCCULLUM

    Appellant

C.A. No.     18CA011423

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    06CR070950

DECISION AND JOURNAL ENTRY

Dated: June 28, 2019

CALLAHAN, Judge.

{¶1} Appellant, Holly McCullum, appeals an order of the Lorain County Court of Common Pleas that denied her "Motion to Vacate Sentence, Withdraw Plea, and Terminate Mandatory Post Release Control." This Court affirms in part and reverses in part.

I.

{¶2} In 2007, Ms. McCullum pleaded no contest to aggravated vehicular homicide in violation of R.C. 2903.06(A)(1)(a), a second-degree felony ("count one"), and aggravated vehicular assault in violation of R.C. 2903.08(A)(1)(a), a third-degree felony ("count two"). She also pleaded no contest to a second charge of aggravated vehicular assault in violation of R.C. 2903.08(A)(1)(a), a third-degree felony ("count three"), and driving under the influence in violation of R.C. 4511.19(A)(1)(a), a first-degree misdemeanor ("count four"). The trial court sentenced her to a seven-year prison term on count one, a four-year prison term on count two, a three-year prison term on count three, and four months in jail on count four. The prison terms

for counts one, two, and three were mandatory, as set forth in Ms. McCullum's written plea agreement. *See* R.C. 2903.06(E); R.C. 2903.08(D)(1). After an initial misstatement during sentencing that only the term on count one was mandatory, the trial court corrected this representation and noted that Ms. McCullum would not be eligible for judicial release because counts one, two, and three were mandatory. The trial court ordered the prison terms for counts one, two, and three to be served consecutively to each other and concurrently with count four. The trial court also ordered Ms. McCullum to serve the seven-year sentence for count one first.

{¶3} Ms. McCullum did not file a direct appeal. Beginning approximately six months after she was sentenced, however, Ms. McCullum filed a series of motions asking the trial court to grant her judicial release, modify her sentence, or allow her prison terms to be served concurrently. On October 23, 2007, the trial court denied her first motion for judicial release, noting specifically that her prison term for count one was mandatory. In 2009, Ms. McCullum petitioned the trial court for post-conviction relief. The trial court dismissed her petition as untimely.

{¶4} Ms. McCullum filed a second motion for judicial release in 2014 after serving her seven-year prison term on count one. The trial court denied that motion on May 8, 2014, clarifying that she was ineligible for judicial release because her prison terms on counts one, two, and three were all mandatory. On May 9, 2014, Ms. McCullum filed a document that the trial court characterized, alternatively, as a motion to reconsider or as a motion to withdraw her plea. In that motion, Ms. McCullum represented that she had not been advised by the court that her sentences were mandatory. The trial court denied that motion, explaining that her written plea agreement provided that a prison term on counts one, two, and three would be mandatory and that the trial court had advised her to that effect when she changed her plea. On July 7, 2014,

Ms. McCullum moved to modify her sentence again, asserting the same grounds. The trial court denied that motion on the same basis.

{¶5} In an apparent attempt to clarify any confusion regarding the nature of Ms. McCullum's prison terms, the trial court then journalized an order dated February 17, 2015, that added the word "mandatory" to each sentence on counts one, two, and three. Unfortunately, that entry contained two typographical errors in its own right: it incorrectly stated that Ms. McCullum had pleaded guilty and it included the phrase "up to" within the post-release control notification. On March 11, 2015, the trial court issued a second nunc pro tunc entry that removed the phrase "up to" from the post-release control notification. On March 20, 2015, the trial court issued a third nunc pro tunc entry that substituted "no contest" for "guilty" in connection with Ms. McCullum's plea.

{¶6} On October 31, 2017, Ms. McCullum filed a motion captioned "Motion to Vacate Sentence, Withdraw Plea, and Terminate Mandatory Post Release Control." In that motion, she argued that the trial court's nunc pro tunc orders were void because they improperly modified her sentence and exceeded the trial court's authority under Crim.R. 36. With respect to post-release control, Ms. McCullum argued that her sentence was void because "[t]he trial court failed to notify [her] that her post release control was to be imposed *after* she leaves prison" and the trial court could not correct this omission by issuing a nunc pro tunc entry. (Emphasis in original.) Finally, she stated that she "wish[ed] to withdraw her plea if the trial court is now attempting to impose a mandatory prison term of 14 years."

{¶7} The trial court denied Ms. McCullum's motions, concluding that the orders dated February 17, 2015, March 11, 2015, and March 20, 2015, were within its authority to correct clerical mistakes under Crim.R. 36 and that she had been properly informed of her post-release

control obligations. The trial court also denied the motion to the extent that it argued that Ms. McCullum should be allowed to withdraw her plea. Ms. McCullum filed this appeal. Her four assignments of error are reordered for purposes of discussion.

II.

**ASSIGNMENT OF ERROR NO. 1**

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION AND MADE IMPROPER USE OF THE THREE NUNC PRO TUNC ENTRIES TO AMEND THE DEFENDANT'S PRISON TERMS, WHICH CLEARLY MADE SUBSTANTIVE CHANGES TO THE DEFENDANT'S CONSTITUTIONAL RIGHT TO BE AT LIBERTY UNDER THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION, WHEN THROUGHOUT THE SENTENCING PROCEEDINGS THE TRIAL COURT REFERRED ONLY TO COUNT ONE BEING MANDATORY. THE TRIAL COURT FURTHER SUBSTANTIATED ITS POSITION THAT ONLY COUNT ONE CARRIED A MANDATORY PRISON TERM WHEN IT ISSUED TWO POST-CONVICTION JUDGMENT ENTRIES IN OCTOBER 2007 AND SEPTEMBER 2009 IN WHICH THE TRIAL COURT UNAMBIGUOUSLY DECLARED THAT ONLY THE PRISON TERM FOR COUNT ONE WAS MANDATORY. THE TRIAL COURT ERRED WHEN IT MISSTATED AND MISINTERPRETED THE DEFENDANT'S ELIGIBILITY FOR JUDICIAL RELEASE. THE DEFENDANT RELIED UPON AND WAS INDUCED TO PLEAD 'NO CONTEST' BASED ON THE MISSTATEMENTS AND REPEATED MISREPRESENTATIONS BY THE TRIAL COURT.

**ASSIGNMENT OF ERROR NO. 4**

THE TRIAL COURT ERRED BY SUBSTANTIVELY CHANGING THE JUDGMENT ENTRY AND RE-SENTENCING HOLLY MCCULLUM IN 2015 USING THREE NUNC PRO TUNC ENTRIES WITHOUT THE DEFENDANT NEITHER [*SIC*] BEING PRESENT NOR [*SIC*] REPRESENTED BY LEGAL COUNSEL IN VIOLATION OF HER FIFTH AMENDMENT RIGHTS AND UNDER THE LAW.

{¶8} In Ms. McCullum's first and fourth assignments of error, she argues that the trial court erred by making various amendments that she characterizes as substantive to her sentencing entry through its three nunc pro tunc orders. Ms. McCullum did not attempt an appeal from any of those orders at the time. *See*, *e.g.*, *Kenney v. Carroll*, 9th Dist. Medina No.

17CA0042-M, 2018-Ohio-1882.  In this appeal, she has not argued error in connection with the trial court's order that denied her motion to vacate sentence.  Her first and fourth assignments of error are, therefore, overruled.

**ASSIGNMENT OF ERROR NO. 2**

THE TRIAL COURT ERRED WHEN IT DENIED THE DEFENDANT FROM WITHDRAWING HER PLEA OF 'NO CONTEST' WHICH WAS ENTERED INTO BY MISTAKE AND MISUNDERSTANDING THE STATEMENTS AND MISREPRESENTATIONS BY THE TRIAL COURT THAT SHE WOULD BE ELIGIBLE FOR JUDICIAL RELEASE.  DEFENDANT MISUNDERSTOOD THE NATURE OF THE CHARGES AND EFFECT THEREOF BASED ON THE TRIAL COURT'S STATEMENTS AND CUMULATIVE ERRORS MADE THROUGH[]OUT THE SENTENCING HEARING.

{¶9}    In her second assignment of error, Ms. McCullum argues that the trial court erred by denying her motion to the extent that it was framed as a motion to withdraw her no contest plea.

{¶10}  Ms. McCullum's motion contains a single statement that addresses withdrawing her plea.  In the conclusion of the motion she states:   "Defendant's sentence is void and after having completed the prison sanction for Count One and Count Four, the defendant wishes to withdraw her plea if the trial court is now attempting to impose a mandatory prison term of 14 years."  She did not develop any argument related to the knowing and voluntary nature of her plea, ineffective assistance of trial counsel, or alleged manifest injustice under Crim.R. 32.1.  *See generally* Crim.R. 32.1; *State v. Smith*, 49 Ohio St.2d 261 (1977), paragraph one of the syllabus. In her appellate brief, Ms. McCullum now maintains that she relied on misstatements by the trial court and inaccurate representations by trial counsel and entered a plea of no contest based on the understanding that she would be eligible for judicial release in seven years.  Ms. McCullum did not make these arguments in the trial court, and this Court will not address her arguments for the

first time on appeal. *See State v. Johnson*, 9th Dist. Summit No. 26167, 2012-Ohio-4251, ¶ 3-4; *State v. Rice*, 9th Dist. Medina No. 08CA0054-M, 2009-Ohio-5419, ¶ 9, citing *Goldberg v. Indus. Comm. of Ohio*, 131 Ohio St. 399, 404 (1936). Ms. McCullum's second assignment of error is overruled.

### ASSIGNMENT OF ERROR NO. 3

THE TRIAL COURT ERRED BY DENYING DEFENDANT'S MOTION TO VACATE MANDATORY POST RELEASE CONTROL WHERE, CONTRARY TO LAW AND IN VIOLATION OF DEFENDANT'S SUBSTANTIAL RIGHTS, THE TRIAL COURT ON THE RECORD FAILED TO NOTIFY AND ADVISE THE DEFENDANT OF THE SANCTION CONSEQUENCES OF VIOLATING POST RELEASE CONTROL AS REQUIRED BY R.C. 2929.19(B)(3). THE TRIAL COURT JOURNALIZED ON MARCH 9, 2007, A POST RELEASE CONTROL NOTIFICATION IN THE JUDGMENT ENTRY OF CONVICTION AND SENTENCE THAT DOES NOT REFLECT THE RECORD OR WHAT WAS STATED IN OPEN COURT.

{¶11} In her third assignment of error, Ms. McCullum asserts that her sentences are void because the trial court failed to inform her during sentencing that she could be subject to an additional prison sentence of up to one-half of her stated prison term if she violated the terms of post-release control. The State has conceded this deficiency in the trial court's post-release control notification.

{¶12} A felony offender who violates the terms of post-release control may be subject to a sanction constituting up to one-half of the stated prison term. R.C. 2967.28(F)(3).[1] A notification to this effect must appear in the relevant sentencing entry. *See State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, ¶ 77. In addition, however, the trial court must actually inform the defendant of the consequences for violating post-release control during the sentencing

---

[1] R.C. 2967.28 has been amended since Ms. McCullum's sentence was imposed. This opinion references the version in effect on the date of her sentencing.

hearing. *State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, ¶ 2, citing R.C. 2929.19(B)(3)(c) and (e).[2] *See also State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, ¶ 18.

{¶13} During sentencing, the trial court advised Ms. McCullum as follows:

I'll remind you of a couple things I said when I took your plea, Ms. McCullum. That is, upon your release from prison in this case, you will be under post-release control for three years, and under that, if you violate conditions of post-release control, you can be returned to prison for the violation. And, if your violation constitutes a new felony, you can be returned to prison for the violation, plus serve time for the new felony.

The trial court's notification did not comply with R.C. 2929.19(B)(3)(c) and (e). "[W]hen a trial court fails to properly impose post-release control, that portion of its sentence is void and 'only the offending portion of the sentence is subject to review and correction.'" *State v. West*, 9th Dist. Summit No. 28051, 2016-Ohio-5694, ¶ 6, quoting *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, ¶ 27. Ms. McCullum's third assignment of error is therefore sustained, and this matter is remanded solely for the purpose of applying R.C. 2929.191. *See State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, paragraph two of the syllabus. *See also State v. Williams*, 9th Dist. Summit No. 27101, 2014-Ohio-1608, ¶ 11, citing *Singleton* at ¶ 24 and *Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, at paragraph two of the syllabus (A hearing conducted pursuant to R.C. 2929.191(C) is "a limited resentencing hearing focused solely on post-release control."); *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, paragraph three of the syllabus ("A trial court does not have the authority to resentence a defendant for the purpose of adding a term of postrelease control as a sanction for a particular offense after the defendant has already served the prison term for that offense.").

---

[2] R.C. 2929.19 has been amended since Ms. McCullum's sentence was imposed. This opinion references the version in effect on the date of her sentencing.

III.

{¶14} Ms. McCullum's first, second, and fourth assignments of error are overruled. Her third assignment of error is sustained to the extent explained above. The judgment of the Lorain County Court of Common Pleas is affirmed in part and reversed in part, and this matter is remanded to the trial court for proceedings consistent with this Court's resolution of her third assignment of error.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

LYNNE S. CALLAHAN
FOR THE COURT

TEODOSIO, P. J.
CONCURS.

CARR, J.
CONCURS IN JUDGMENT ONLY.


APPEARANCES:

HOLLY MCCULLUM, pro se, Appellant.

DENNIS P. WILL, Prosecuting Attorney, and LINDSEY C. POPROCKI, Assistant Prosecuting Attorney, for Appellee.