[Cite as *State v. Zawitz*, 2013-Ohio-2540.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99179**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MICHAEL ZAWITZ

DEFENDANT-APPELLANT

**JUDGMENT:**
REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-420037, CR-421418, and CR-423331

**BEFORE:** Celebrezze, J., Stewart, A.J., and Rocco, J.

**RELEASED AND JOURNALIZED:** June 20, 2013

**FOR APPELLANT**

Michael Zawitz, pro se
Inmate No. 502-875
Grafton Correctional Institution
1500 South Avon Belden Road
Grafton, Ohio   44044


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:    Diane Smilanick
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., J.:

{¶1} This cause came to be heard on the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1.

{¶2} Defendant-appellant, Michael Zawitz, appeals from the journal entry of sentencing, issued nunc pro tunc to correct the sentence originally imposed for appellant's violation of community control sanctions. After careful review of the record and relevant case law, we reverse the trial court's judgment and remand for the trial court to vacate its May 12, 2006 nunc pro tunc entry and reinstate the March 29, 2006 judgment.

{¶3} On January 28, 2002, appellant was indicted by the Cuyahoga County Grand Jury in Cuyahoga C.P. No. CR-420037, charging him with burglary in violation of R.C. 2911.12 and theft in violation of R.C. 2913.02. On August 7, 2002, appellant pled guilty to Count 1, burglary, with two notice of prior conviction specifications and two repeat violent offender specifications; and Count 2, theft, with all specifications in Count One deleted. On October 17, 2002, appellant was sentenced to a prison term of four years on Count 1 and six months on Count 2, to run concurrently to each other and to the sentences in Cuyahoga C.P. Nos. CR-421418 and CR-423331.

{¶4} On March 29, 2002, appellant was indicted by the Cuyahoga County Grand Jury in Cuyahoga C.P. No. CR-421418, on charges of burglary in violation of R.C. 2911.12 and receiving stolen property in violation of R.C. 2913.51. On August 7, 2002, appellant pled guilty to Count 1, burglary, and Count 2, receiving stolen property. On

October 17, 2002, appellant was sentenced to a prison term of four years on Count 1 and six months on Count 2, to run concurrently to each other and to the sentences in Cuyahoga C.P. Nos. CR-420037 and CR-423331.

{¶5} On May 23, 2002, appellant was indicted by the Cuyahoga County Grand Jury in Cuyahoga C.P. No. CR-423331, charging him with burglary in violation of R.C. 2911.12 and theft in violation of R.C. 2913.02. On August 7, 2002, appellant pled guilty to Count 1, burglary, and Count 2, theft. On October 17, 2002, appellant was sentenced to a prison term of four years on Count 1 and six months on Count 2, to run concurrently to each other and to the sentences in Case Nos. CR-421418 and CR-420037.

{¶6} On February 20, 2004, appellant filed a motion for judicial release, and the trial court held a hearing to review the merits of appellant's motion on April 4, 2004. At the conclusion of the hearing, the trial court determined that appellant was eligible for judicial release because he had served all mandatory prison time. The trial court sentenced appellant to five years of community control sanctions and notified him that violations of the terms and conditions of his release could result in more restrictive sanctions or a prison term.

{¶7} On March 15, 2005, appellant was found to be in violation of his community control sanctions. After careful consideration, the trial court continued appellant's community control, but ordered him to spend six months at the Keating Center for treatment.

{¶8} On March 29, 2006, appellant was found to be in violation of his community control sanctions a second time. At the community control revocation hearing, the trial court terminated appellant's community control sanctions and sentenced him to a prison term of two years on CR-420037, CR-421418, and CR-423331, to be served concurrently to each other. In a journal entry dated March 29, 2006, the trial court confirmed appellant's sentence stating, "It is therefore ordered that said defendant, Michael Zawitz, is now sentenced to the Lorain Correctional Institution for a term of 2 year(s)."[1]

{¶9} On May 12, 2006, the trial court issued a nunc pro tunc correction to the March 29, 2006 sentencing journal entry, thereby amending the journal entry to read that appellant was sentenced to a total of four years in prison, and not two years as previously stated.

{¶10} On September 27, 2012, appellant filed a motion to correct the improper nunc pro tunc entry, arguing that the trial court improperly modified the March 29, 2006 sentencing journal entry, in violation of Crim.R. 36 and Crim.R. 43. On October 24, 2012, the trial court denied appellant's motion.

{¶11} Appellant, pro se, now appeals the trial court's denial of his motion, raising two assignments of error for review.

---

[1] Appellant is presently incarcerated in the Lorain Correctional Institution. At a March 29, 2006 hearing, the trial court sentenced appellant in a subsequent case, Cuyahoga C.P. No. CR-473656, to a prison term of six years, to run consecutively to the sentence imposed by the court in CR-420037, CR-421418, and CR-423331.

**Law and Analysis**

{¶12} In appellant's first assignment of error, he argues that the trial court committed plain error when it used a nunc pro tunc entry to increase his sentence to a greater term than was originally imposed. In his second assignment of error, appellant argues that the trial court committed plain error when it increased his sentence without his presence in court. Because appellant's first and second assignments of error raise common questions of law and fact, we consider them together.

{¶13} Courts possess inherent authority to correct errors in judgment entries in order for the record to speak the truth. *State ex rel. Fogle v. Steiner*, 74 Ohio St.3d 158, 163-164, 1995-Ohio-278, 656 N.E.2d 1288; *see* Crim.R. 36. Thus, the purpose of a nunc pro tunc entry is to make the record reflect the truth. *Reinbolt v. Reinbolt*, 112 Ohio St. 526, 532, 147 N.E. 808 (1925). The function of a nunc pro tunc entry is not to correct or modify an existing judgment, but rather to make the record conform to that which has already occurred. *State ex rel. Phillips v. Indus. Comm.*, 116 Ohio St. 261, 264, 155 N.E. 798 (1927). Therefore, "nunc pro tunc entries are limited in proper use to reflecting what the court actually decided, not what the court might or should have decided or what the court intended to decide." *Fogle* at 163-164. When a court exceeds its power in entering a nunc pro tunc order, the resulting nunc pro tunc order is invalid. *Natl. Life Ins. Co. v. Kohn*, 133 Ohio St. 111, 113-114, 11 N.E.2d 1020 (1937).

{¶14} In the case at hand, appellant attached a transcript excerpt of the March 29, 2006 community control revocation hearing to his motion to correct the improper nunc

pro tunc entry. The excerpt reflects that during the hearing, the trial court terminated appellant's community control sanctions and sentenced him to a two-year term of imprisonment, stating, in pertinent part: "Case Nos. 420037, 421418, 423331, I originally imposed a sentence something on the order of four years on the higher counts. We're going to cut that to two years." Thereafter, the trial court memorialized its imposition of a two-year sentence in the sentencing journal entry dated March 29, 2006. Thus, the March 29, 2006 journal entry reflects what the trial court actually stated during the community control revocation hearing.

{¶15} Accordingly, the trial court's amendments to the March 29, 2006 sentencing journal entry were not made to correct a clerical error or to make the record speak the truth. Rather, the nunc pro tunc order reflected what the trial court may have intended to do at the revocation hearing, but did not do. This is not the proper use of such an order. *See State v. Williams*, 7th Dist. No. 11 MA 131, 2012-Ohio-6277, ¶ 57, citing *State v. Marks*, 7th Dist. No. 868, 2002-Ohio-6267, ¶ 28.

{¶16} Furthermore, the use of a nunc pro tunc order in this case is repugnant to the requirements of Crim.R. 43(A). The trial court did not merely "correct" a clerical error relating to appellant's sentence. Rather, the effect of the trial court's nunc pro tunc entry was to alter appellant's term of imprisonment. Pursuant to Crim.R. 43(A), a defendant is entitled to be present at a resentencing hearing if the trial court changes his sentence. Thus, we conclude that the trial court erred by altering appellant's sentence in his

absence.  *See Williams* at ¶ 58; *State v. Hodges*, 1st Dist. No. C-990516, 2001 Ohio App. LEXIS 2729, *7 (June 22, 2001).

{¶17} Based on the foregoing, appellant's first and second assignments of error are sustained.  Accordingly, we reverse the trial court's judgment and remand the matter to the trial court to vacate the May 12, 2006 nunc pro tunc entry and reinstate the two-year sentence imposed in the March 29, 2006 journal entry.  *See State v. Leone*, 8th Dist. No. 94275, 2010-Ohio-5358.

{¶18} This cause is reversed and remanded for proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., JUDGE

MELODY J. STEWART, A.J., and
KENNETH A. ROCCO, J., CONCUR