[Cite as *State v. Pagan*, 2014-Ohio-1510.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 99935

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JOSE PAGAN

DEFENDANT-APPELLANT

---

### JUDGMENT:
### DISMISSED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-11-546295-A

**BEFORE:**  E.T. Gallagher, J., E.A. Gallagher, P.J., and McCormack, J.

**RELEASED AND JOURNALIZED:**  April 10, 2014

**ATTORNEY FOR APPELLANT**

Mary Elaine Hall
645 Leader Building
526 Superior Avenue, East
Cleveland, Ohio 44114


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    Adam M. Chaloupka
           James Hofelich
Assistant Prosecuting Attorneys
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN T. GALLAGHER, J.:

**{¶1}** Defendant-appellant, Jose Pagan ("Pagan"), filed the instant appeal challenging the new sentence he received on remand following a successful appeal of his original sentence. This court remanded the case for resentencing because Pagan's convictions were allied offenses that should have merged. On remand, the trial court sentenced Pagan to three years on the underlying offense plus three years on a firearm specification to be served consecutively for an aggregate six-year sentence. However, in contrast to the six-year sentence pronounced at the resentencing hearing, the trial court's journal entry imposed a 13-year sentence, which was the original sentence before this court remanded for merger of allied offenses.

**{¶2}** While this appeal was pending, this court sua sponte ordered the trial court to correct the noted inconsistency and, pursuant to our order, the trial court entered a corrective nunc pro tunc journal entry. Courts possess inherent authority to correct errors in judgment entries in order for the record to speak the truth. *State ex rel. Fogle v. Steiner*, 74 Ohio St.3d 158, 163-164, 656 N.E.2d 1288 (1995); *see* Crim.R. 36. Thus, the purpose of a nunc pro tunc entry is to make the record reflect the truth. *State v. Zawitz*, 8th Dist. Cuyahoga No. 99179, 2013-Ohio-2540, ¶ 13, citing *Reinbolt v. Reinbolt*, 112 Ohio St. 526, 147 N.E. 808 (1925).

**{¶3}** This court subsequently heard oral arguments, and the parties agreed that the corrective journal entry remedied the issue raised in Pagan's sole assignment of error. This appeal is now moot.

**{¶4}** Appeal dismissed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, JUDGE

EILEEN A. GALLAGHER, P.J., and
TIM McCORMACK, J., CONCUR